# UNITED STATES DISTRICT COURT

### for the
### NORHTERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA ex rel,** | § | |
| **LAWRENCE M. SMITH,** | § | |
| **Plaintiffs** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:12-cv4377-M** |
| | § | |
| **DEION L. SANDERS, INDIVIDUALLY,** | § | |
| **and** | § | |
| **DAMIEN LAMARC WALLACE A/K/A D. L.** | § | |
| **WALLACE, INDIVIDUALLY** | § | |
| **and** | § | |
| **FREDERICK R. MAYS. INDIVIDUALLY,** | § | |
| **and** | § | |
| **CHAZMA JONES, INDIVIDUALLY,** | § | |
| **and** | § | **JURY TRAIL DEMANDED** |
| **UPLIFT FORT WORTH, CDC,** | § | |
| **INDIVIDUALLY** | § | |
| **and** | § | |
| **CHARITY CHURCH, INDIVIDUALLY,** | § | |
| **and** | § | |
| **PRIME TIME ASSOCIATION,** | § | |
| **INDIVIDUALLY** | § | |
| **and** | § | |
| **TEXAS DEPARTMENT OF AGRICULTURE,** | § | |
| **INDIVIDUALLY,** | § | |
| **and** | § | |
| **JANE DOE AND JOHN DOE** | § | |
| **Defendants,** | § | |

## FIRST ADMENDED ORIGINAL COMPLAINT

The United States of America, *ex rel,* and Lawrence M. Smith file this complaint under seal against: Deion L. Sanders, Damien Lamarc Wallace a/k/a D. L. Wallace, Frederick R. Mays, Chazma Jones, Uplift Forth, CDC, Charity Church, Prime Time Association, Texas Department of Agriculture, Jane Doe and John Doe hereinafter collectively referred to as "Defendants," and will respectfully show as follows:

## I.  NATURE OF THE CASE

1.      This suit is brought on behalf of the United States of America, *ex rel*., and, Relator-Plaintiff,  Lawrence M. Smith, to redress violations of the False Claims Act 31 U.S.C. §§ 3729-3730, and to recover treble damages and civil penalties under the False Claims Act, 31 U.S.C. §§ 3729-33, because Defendants, individually and collectively have:

        a.      knowingly presented, or caused to be presented, a false or fraudulent claim for payment or approval;

        b.      knowingly made, used, or caused to be made or used, a false record or statement material to a false or fraudulent claim; and/or

        c.      conspired to commit violations of subparagraphs (a) and (b) above, for the purpose of obtaining large payments under the federally funded National School Lunch Program (NSLP) and the federally funded Summer Food Service Program (SFSP).

2.      Relator-Plaintiff, Lawrence M. Smith, discovered certain facts through previous contacts with Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, and Defendant, Deion L. Sanders, relative to various business and investment ventures proposed by said defendants, that the representations made to induce Relator-Plaintiff, Lawrence M. Smith, and others to participate in such ventures were less than credible.  During his investigation relative to those matters, Relator-Plaintiff, Lawrence M. Smith, discovered that:

3.      Defendant, Uplift Fort Worth, CDC, which was created by Defendants, Damien Lamarc Wallace a/k/a D. L. Wallace, , and Prime Time Association, which was created by Defendant, Deion L. Sanders, had knowingly presented, conspired to present, or caused to be presented, false or fraudulent claims for payment or approval of applications, and/or knowingly made, conspired to make, use, or cause to be made or used, a false record or statement material to a

false or fraudulent claim under 42 USC §1761, the federally funded Summer Food Service Program (SFSP), and received large sums of money through Defendant, Texas Department of Agriculture, relative to the administration of and funding of the SFSP, and the National School Lunch Program (NSLP).   More specifically with regard to the SFSP, in reviewing the applications submitted by Defendants, Uplift Fort Worth and Prime Time Association, relative to the SFSP, Relator-Plaintiff, Lawrence M. Smith, discovered false or fraudulent statements submitted by both Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, on behalf of Defendant, Uplift Fort Worth, and by Defendants, Deion L. Sanders and Remond Elder, on behalf of Prime Time Association, made to induce the SFSP to approve and fund them as contractors in the SFSP to feed children, in large numbers, at various alleged sites in the DFW Metroplex area for the year 2011.   Also, it is clear that Defendant, Texas Department of Agriculture, failed to reasonably investigate the credibility of Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, and Defendant, Deion L. Sanders, and their respective non-profit organizations, and in fact approved the applications of said defendants and funded at least $822,964.25 to Defendant, Uplift Fort Worth CDC, and $198,997.23 to Defendant, Prime Time Association for 2011 and 2012 Summer Food Service Programs.  Relator-Plaintiff, Lawrence M. Smith, has discovered that some of the feeding sites listed in the applications by Uplift Fort Worth and Prime Time Association either did not legally exist at the time the applications were submitted or anytime thereafter during the 2011 Summer Food Services Program, nor were any children whatsoever fed at those sites.   Additional false or fraudulent claims and statements, actions, and nondisclosures made by Defendant, Prime Time Association, regarding the   are alleged I detail in Count I and Count II below.

## II.  JURISDICTION AND VENUE

4.      This is a civil action arising under the laws of the United States of America to redress violations of 31 U.S.C. §§3729-3730. This court has jurisdiction over the subject matter of this action: (i) pursuant to 31 U.S.C. §3732, which specifically confers jurisdiction on this Court for actions brought pursuant to 31 U.S.C. §§3729 and 3730; (ii) pursuant to 28 U.S.C. §1331, which confers federal subject matter jurisdiction; and (iii) pursuant to 28 U.S.C. §1345, because the United States is a plaintiff.

5.      This suit is not based upon prior public disclosures of allegations or transactions in a criminal, civil, or administrative hearing, lawsuit or investigation or in a Government Accounting Office or Auditor General's report, hearing, audit, or investigation, or from the news media.

6.      To the extent that there has been a public disclosure unknown to Relator-Plaintiff, Lawrence M. Smith, he is an original source pursuant to 31 U.S.C. §3730 (e) (4) (A).  Relator-Plaintiff, Lawrence M. Smith, has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the government before filing a *qui tam* action based on the information.

7.      Relator-Plaintiff, Lawrence M. Smith, is providing a statement summarizing known material evidence and information related to this Complaint to the Attorney General of the United States and to the United States Attorney for the Northern District of Texas, in accordance with the provisions of 31 US.C. §3730(b)(2). This disclosure statement is supported by material evidence.

8.      This Court has jurisdiction over Defendants under 31 U.S.C. §3732(a) because each entity can be found in, is authorized to transact business in, and is now transacting business in

this Judicial District.  In addition, acts proscribed by 31 U.S.C. §3729 have occurred in this Judicial District.

9.      Venue is proper in the Northern District of Texas because Defendants conduct business in this Judicial District and, upon information and belief, acts giving rise to this action occurred within this Judicial District.

## III. PARTIES

10.     The United States of America is the Plaintiff, for whom recovery is sought for false and fraudulent claims submitted to federally funded government programs, including the Summer Food Service Program.  The United States of America brings this action on behalf of the United States Department of Agriculture (USDA).

11.     Relator-Plaintiff, Lawrence M. Smith, is a citizen and resident of the State of Texas, who currently resides at. 2329 Cromwell Drive, Arlington, Texas 76018.  Relator-Plaintiff, Lawrence M. Smith, brings this action on his own behalf and on behalf of the United States of America pursuant to 31 U.S.C. §3730(b)(1).

12.     Defendant, Deion L. Sanders is the Director of Defendant, Prime Time Association, and has conspired with and acted with Defendant, Damian Lamarc Wallace, and other officers and board members of Defendant, Uplift Fort Worth CDC, to commit the wrongful conduct which the basis of this suit, as set forth in detail hereinbelow.  Defendant, Deion L. Sanders, can be served with Summons where he resides at 1280 North Preston Road, Dallas, Texas 75078, or wherever he may be found.

13.     Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, , who is a resident of Texas, has association with various entity defendants, and held various titles and offices with such entity defendants.  For example, at the time of relevant conduct, said defendant was the Chairman/CEO

of Defendant, Uplift Fort Worth CDC; which also participated in the wrongful conduct which forms a basis for the suit.  This defendant is considered to be one of the primary instigators of the wrongful conduct which forms the basis of this suit.  Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, , , purports to have offices at: 330 East Ann Arbor, Dallas, Texas 75216, and at Uplift Fort Worth, P. O Box 535426, Grand Prairie, Texas 75053, and at 4400 Panola Ave. Fort Worth, Texas 76103. Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace can be served with Summons where he resides at 13241 Blue Jean Drive, Haslet, Texas 76052, or wherever he may be found.

14.     Defendant, Frederick R. Mays a/k/a Bishop F. R. Mays is the Contracting Entity's contact person and site supervisor for Defendant, Uplift Fort Worth CDC's, Texas Department of Agriculture Summer Food Service Program feeding site at Charity Church, 4400 Panola Avenue, Fort Worth, Texas 76103.  Site personnel were required to master assessments and attend mandatory weekly roundup meetings held by supervisory personnel. Defendant, Frederick R. Mays, participated with Defendant, Damian Lamarc Wallace, and other officers and board members of Defendant, Uplift Fort Worth CDC, to commit the wrongful conduct which the basis of this suit. Defendant, Fredrick R. Mays, can be served with Summons where he resides at 2019 Molton Court, Cedar Hill, Texas 75104, or wherever he may be found.

15.     Defendant, Chazma Jones, a/k/a Chazma Dionne Brown, is an Uplift Fort Worth Board Member and Treasurer.  Defendant, Chazma Jones, responsibilities include managing the finances of the organization, administering fiscal matters of the organization, providing annual budgets to the board members for approval, and ensuring development and board review of financial policies and procedures.  Defendant, Chazma Jones, a/k/a Chazma Dionne Brown, participated with Defendant, Damian Lamarc Wallace, and other officers and board members of

Uplift Fort Worth to commit the wrongful conduct which the basis of this suit. Defendant Chazma Jones, a/k/a Chazma Dionne Brown, can be served with Summons where she resides at 485 Everest, Cedar Hill, Texas 75146, and P. O Box 535426, Grand Prairie, Texas 75053 or wherever she may be found.

16.     Defendant, Uplift Fort Worth CDC, is allegedly a non-profit community development corporation under Section 501 (c). (3), *Internal Revenue Code*, and a contractor for the Texas Department of Agriculture Summer Food Service Program (SFSP) and the National School Lunch Program.  Defendant, Uplift Fort Worth, participated with Defendant, Damian Lamarc Wallace, and other officers and Board members to commit the wrongful conduct which forms the basis of this suit.  Defendant, Uplift Fort Worth, CDC, may be served with Summon by serving its Executive Director, Damien L. Wallace, at 330 Ann Arbor, Dallas, Texas 75216, or P. O Box 535426, Grand Prairie, Texas 75053, or where he resides at 13241 Blue Jean Drive, Haslet, TEXAS 76052, or wherever he may be found.

17.     Defendant, Charity Church, is Defendant, Uplift Fort Worth's, Texas Department of Agriculture Summer Food Service Program feeding site and Prime Prep Academy campus location.  Defendant, Charity Church, was used to participate with Defendant, Damian Lamarc Wallace, and other officers and Board members of Uplift Fort Worth to commit the wrongful conduct which forms the basis of this suit.  Defendant, Charity Church, can be served with Summons by serving Bishop Frederick R. Mays a/k/a Bishop F. R. Mays, the President and spiritual leader of the said Charity Church, at 4400 Panola Avenue, Fort Worth, Texas 76103, , or wherever he may be found.

18.     Defendant, Prime Time Association, is allegedly a non-profit organization formed pursuant to Section 501 (c) 3 of the *Internal Revenue Code.*  The 501 (3) status of Prime Time

Association was revoked on May 15, 2012, due to its failure to prepare and file Form 990 series return or notice for three consecutive year. The company is owned by Defendant, Deion L. Sanders, and a contractor for the Texas Department of Agriculture Summer Food Service Program. (SFSP) Defendant, Prime Time Association, was used to participate with Defendant, Damian Lamarc Wallace, and other officers and board members of Uplift Fort Worth to commit the wrongful conduct which forms the basis of this suit.  Defendant, Prime Time Association, can be served with Summons by serving Defendant, Deion L. Sanders, at the following address: 1280 North Preston Road, Dallas, Texas 75078, or wherever he may be found.

19.     Defendant, Texas Department of Agriculture, is a state agency for the State of Texas. Defendant, Texas Department of Agriculture, participated with Defendant, Damian Lamarc Wallace, and Defendant, Deion L. Sanders, and other officers and Board members to commit the wrongful conduct which the basis of this suit.  Defendant, Texas Department of Agriculture, can be served by serving Texas Department of Agriculture Commissioner, Todd Staples, at the following address: 1700 N. Congress 11th Floor, Austin, Texas 78701.

20.     Defendants, Jane Doe and John Doe are persons associated with the federally funded National School Lunch Program, and the federally funded Summer Food Service Program administered through the State of Texas Department of Agriculture, whose names are not currently known to Relator, but who were involved in the false, misleading, and fraudulent claims, statements, and documents which form the basis of this suit.

## IV.  THE FALSE CLAIMS ACT

21.     The False Claims Act, 31 U.S.C. §§ 3729 to 3733, provides, in pertinent part, that: Any person who (1) knowingly presents, or causes to be presented, to an officer or employee of the United States Government, a false or fraudulent claim for payment or approval; (2) knowingly

makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government; (3) conspires to defraud the Government by getting a false or fraudulent claim paid or approved by the Government; or (7) knowingly makes, uses or causes to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Government, is liable to the United State Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages which the Government sustains because of the act of that person ... (b) For purposes of this section, the terms "knowing" and "knowingly" mean that a person, with respect to information (1) has actual knowledge of the information; (2) acts in deliberate ignorance of the truth or falsity of the information; or (3) acts in reckless disregard of the truth or falsity of the information, and no proof of specific intent to defraud is required. 31 U.S.C.§ 3729. Defendants have jointly and severely committed acts and omissions that are in violation of the False Claims Act, as described below.

COUNT 1
NATIONAL SCHOOL LUNCH PROGRAM

22.     The Texas Department of Agriculture National School Lunch Program (NSLP) is federally mandated and funded pursuant to 42 USC §1751, and administered by the State of Texas pursuant to *Texas Education Code*, Title 2, Chapter 12, Section 12.0025. It's a federally assisted meal program operating in over 100,000 public and non-profit private schools and residential child care institutions. It provided nutritionally balanced, low-cost or free lunches to more than 31 million children each school day in 2012.

FALSE STATEMENTS MADE BY DEFENDANT, UPLIFT FORT WORTH, CDC, AND DEFENDANT, TEXAS DEPARTMENT OF AGRICULTURE, RELATIVE TO THE 2012 AND 2013 NATIONAL SCHOOL LUNCH PROGRAM

23.     On September 23, 2012, Plaintiff-Relator submitted a Public Information Request to Defendant, Texas Department of Agriculture, asking for the National School Lunch Program application and reimbursement payments filed by Defendant, Uplift Fort Worth, CDC, for the years 2012 and 2013.  On September 26, 2013, the Assistant General Counsel and Public Information Officer for the Texas Department of Agriculture, Jessica Escobar, contacted Plaintiff-Relator by telephone and stated that the Food and Nutrition department personnel, Mo Brantley, had informed her that Defendant, Uplift Fort Worth, CDC, did not participate in the National School Lunch Program in 2012 or 2013, and that a formal Public Information Request response would follow in a few days.  Such Public Information Request response was received by Plaintiff-Relator by email on September 30, 2013 which stated "No document responsive to this request." This statement was false because Defendant, Uplift Fort Worth, CDC, received payments totaling $45,830.84 for meals served relative to said defendant's charter school, Prime Prep Academy, as of as of January 8, 2014, relative to the National School Lunch Program for the 2012-2013 school year.  On July 26, 2012, Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, stated in an email to Angela Oilge, Chief Administrator for Defendant, Texas Department of Agriculture, that "Carl mentioned that the intent of our board in the termination letter was only to cease participation in SFSP and not add more steps to participating in NSLP, At Risk After School programs, etc."

## COUNT II.
## SUMMER FOOD SERVICE PROGRAM

24.     The Texas Department of Agriculture Summer Food Service Program (SFSP) is federally mandated and funded pursuant to 42 USC §1761, and administered by the State of Texas pursuant Title 2, Chapter 12, Section 12.0025, *Texas Agriculture Code.*  It is an initiative to help feed children in areas where poor economic conditions exist who may otherwise go days, even

weeks without nutritious meals.  An initial goal of the program is that community leaders will identify these at-risk children and provide a location so they could come and receive a healthy meal.  It is open to any and all children who fit this category.  All meals are to be free of charge and no hungry child is to be turned down.

### FALSE AND FRAUDULENT RECORDS AND STATEMENTS MADE BY DEFENDANT, UPLIFT FORT WORTH CDC, AND BY DEFENDANT, PRIME TIME ASSOCIATION, RELATIVE TO THE 2011 SUMMER FOOD SERVICE PROGRAMS

25.     Relator-Plaintiff will show that on or about March 23, 2011, Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, Defendant, Deion L. Sanders, Defendant, Chazma Jones, Defendant, Uplift Fort Worth CDC, Defendant, Frederick R. Mays, Defendant, Prime Time Association, have jointly and severally committed acts and omissions that contributed to and resulted in the making of false and fraudulent statements and claims to obtain federal grant funds through the Defendant, Texas Department of Agriculture, by applying for said funding through Defendant, Uplift Fort Worth, CDC, and Defendant, Prime Time Association, which are falsely represented to be a nonprofit entities.  The false and fraudulent statements and claims that were made by said Defendants through Defendant, Uplift Fort Worth CDC, during the time periods beginning on or about March 23, 2011, through August 29, 2011, and on or about March 15, 2012, through August 15, 2012.  The false and fraudulent statements and claims that were made by said Defendants through Defendant, Prime Time Association, during the time periods beginning and ending on or about April 11, 2011, through August 15, 2011, and on or about March 28, 2012, through July 31, 2012.  The said false and fraudulent statements and claims were made by defendants for the purpose of obtaining federal grant funds.  Said false and fraudulent statements and claims include, but are not limited to, the following:

### UPLIFT FORT WORTH 2011 MANAGEMENT PLAN
#### Section I:  Board Chairman

26.     Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace  a/k/a, D.L. Wallace, acting as Board Chairman of Uplift Fort Worth, CDC, lists 4400 Panola Avenue, Fort Worth TEXAS 76103, as the location of Uplift Fort Worth, CDC.  When Uplift Fort Worth was created on March 3, 2008, Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, full title listed with the Texas Secretary of State for Uplift Fort, CDC was "Director," and on or about February 7, 2011, his title was amended to be, and still remains, Chairman/CEO, and the address listed for Uplift Fort Worth was, and still remains, 4000 E. Berry St., Fort Worth, TEXAS 76105-4952.  The alleged signature of William McKinley Jackson, on the Certificate of Amendment dated February 7, 2011, which designates Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace as Chairman/CEO, is not authentic because it is absolutely identical, in every aspect to the writing and its relation to the line over which it appears, to the his alleged signature on a Certificate of Correction dated December 1, 2010.  Said Certificate of Correction corrected the spelling of Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace from "Watson" to "Wallace."  Further, on August 30, 2011, Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, signed and filed a Certificate of Amendment which restricted the purpose of Uplift Fort Worth by stating "The Corporation is formed exclusively to finance, develop, operate, and manage Prime Prep Academy, an Open-Enrollment Charter School as provided under the Texas Education Code for the benefit of students in Texas."  Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, signed the said Certificate of Amendment as "Executive Director," rather than his listed title, "Chairman/CEO."  Notwithstanding the quoted exclusivity, the amendment continues to broaden the purpose of Uplift Fort Worth, CDC by leaving in wording from the previous version of the purpose clause, which is at odds with the exclusivity wording in the amendment.  This amendment was on the same date Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, and

Defendant, Deion L. Sanders, made their presentation to the Texas Education Agency for their proposed Charter School, Prime Prep Academy.

27.     The address, 4400 Panola Avenue, Fort Worth, TEXAS 76103, is the location of property owned by Defendant, Charity Church, and is and has been used by Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, Defendant, Deion L. Sanders, and Defendant, Frederick R. Mays, to run these and other fraudulent activities.  Charity Church does not hold regular services, does not have a telephone or fax on the property, but still holds itself out to the public as an active church.  Charity Church has participated in charity giveaways in the past.  Defendant, Fredrick R. Mays, refers to himself as Bishop F.R. Mays, and serves as the leader of the Church, but is not regularly on site.  He is also a co-conspirator and willing participant with Defendant, D.L. Wallace, and Defendant, Deion L. Sanders, in some of their other fraudulent activities, including but not limited to, the Summer Food Services Program and the Prime Prep Academy.  He also conspired with and participated in previous fraudulent schemes of perpetrated by Defendants, Damien Lamarc Wallace a/k/a D. L. Wallace and Deion L. Sanders, such as Prime Time Player, a for profit business.

28.     In addition, Defendant, Damien Wallace's a/k/a D.L. Wallace's email address, dlwallace@primetimeplayer.com, listed in the Management Plan submitted as part of the Summer Food Services Program application process, is not correct for Defendant, Uplift Fort Worth, CDC.  The correct email address for Uplift Fort Worth, CDC is info@upliftfortworth.org.  The email listed, dlwallace@primetimeplayer.com, is actually the email used by Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, with other defendants relative to other fraudulent schemes, such as Prime Time Player and Prime Prep Academy, both of which are not subject of this suit.  Also, another email address, info@primetimeplayer.com, which is also received by

Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, was listed as the contact email for other individuals listed in the various sections of the Summer Food Services Program application process.  Therefore, all attempted contacts by email would go directly to Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, either through dlwallace@primetimeplayer.com or info@primetimeplayer.com.

## Section II:  Administrative Staff

29.     The "Position Title" listed for each member of the Administrative Staff of Uplift Fort Worth, CDC is incorrect and misleading in that the positions and titles listed in the Summer Food Services Program Management Plan are inconsistent with the positions and titles listed for the same individuals in the Certificate of Amendment allegedly signed by one of Uplift Fort Worth, CDC's Directors, William McKinley Jackson, and filed with the Texas Secretary of State on February 7, 2011, or are persons not known to be related to any feeding site, as follows:

30.     Chazma Jones is listed in the Management Plan as the "Assit Director" when she is actually the Treasurer of Uplift Fort Worth, CDC.

31.     Sean Allen is listed in the Management Plan as the "Area Supervisor" when no person contacted at any of the designated feeding sites had ever heard of Sean Allen or Uplift Fort Worth, CDC.

32.     Erica Wilson is listed in the Management Plan as the "Bookkeeper" when she is actually the Secretary and a Director of Uplift Fort Worth, CDC.

33.     William Jackson is listed in the Management Plan as the "Monitor" when he is actually a Director of Uplift Fort Worth.

34.     Mandatory SFSP training was reported to have been attended by only Defendant, Chazma Jones, and no other administrative personnel.  Defendant, Texas Department of Agriculture, apparently did not verify training of any member of the Administrative Staff.

### Section III Administrative Personnel

35.     It is represented that there are seven (7) "overall Management" personnel; however, there are only five (5) persons listed as the Board Chairman and the Administrative Staff.

36.     Also, although it is indicated that two (2) Administrative personnel are in charge of Training/Monitoring, only one Administrative Staff member was listed as  "Monitor," that being William McKinley Jackson, who is a Director of Uplift Fort Worth, CDC.  No person is listed as a trainer, and only one (1) person, that being Defendant, Chazma Jones, is listed as having received the mandatory SFSP training provided by the Defendant, Texas Department of Agriculture, in the subject program year.

### Section IV Operational Personnel

37.     It is listed that there are four (4) Site Supervisors; however, there are twelve Site Applications submitted and 16 sites listed with the Texas Department of Agriculture, and only 24 persons, four (4) Site Supervisors and twenty (20) Volunteers to serve 4400 children meals each day from June 6, 2011 through August 19, 2011.  However, the twelve (12) Site Applications indicate eight (8) Site Supervisors.

### Section V Contracting Entity Monitoring Plan

38.     Uplift Fort Worth, CDC, as the contracting entity, claims that "Uplift Fort Worth will monitor each site once a week including the first week. One visit a week is mandatory, but more \can and will be made to ensure the safety and productivity of all sites."  It represents that there are only two (2) persons in the position of "Training/Monitoring," but only identifies one (1)

Monitor, that being William McKinley Jackson, who is also the Summer Food Services Program Site Supervisor and Pastor at Samaria Baptist Church, located at 4000 East Berry St., Fort Worth, Texas 76105, which happens to be the address of Uplift Fort Worth, CDC according to the records maintained by the Texas Secretary of State.  According to the Summer Food Services Program Site Applications submitted by Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, on behalf of Defendant, Uplift Fort Worth, CDC, and the records of Defendant, Texas Department of Agriculture, 4,400 meals would be served each day, at sixteen (16) different sites, located in six (6) different cities, in three (3) different counties, over a geographic expanse of approximately 61.76 miles.  The Summer Food Services Program Site Application submitted for the site supervised by the "Monitor," William McKinley Jackson, represents that 400 meals would be served at that location each day.  Relator-Plaintiff would show that it is physically impossible for Defendant, William McKinley Johnson, to supervise the feeding of 400 meals a day at Samaria Baptist Church at 4000 E. Berry St., Fort Worth, Texas 76105, and monitor 4000 other meals being served at the fifteen other feeding sites described above at substantially the same meal times.

### Uplift Fort Worth 2011 Budget Details
### Section II: Projected Operating Costs and Section III: Projected Administrative Costs

39.    The total Projected Operating and Administrative Costs are budgeted at $289.090.50. The actual total alleged Operating and Administrative Costs billed and collected by Defendant, Uplift Fort Worth, CDC was $600, 189.34.  Uplift Fort Worth, CDC Chairman/CEO, Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, is CEO of Pinnacle Commercial Property Group, which is a for profit company.  Pinnacle Commercial Property Group was or is a landlord involved in landlord/tenant relationships with entities having the right to the use and occupancy of certain Summer Food Service Program feeding site locations.  Therefore, the funds budgeted

for Operating Costs and Administrative Costs relative to those sites, would be paid to the benefit of a for profit business controlled by Defendant, Damien Lamarc Wallace a/k/a D.L. Wallace. Also, the projected budget was so drastically under the alleged actual costs, the budgeted costs contained in the Summer Food Services Program Budget Detail, are clearly false and fraudulent statements.

40.     Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, Defendant, Fredrick R. Mays, Defendant, Chazma Jones, Kevin Jefferson,  and William McKinley Jackson, all are or were office holders in Defendant, Uplift Fort Worth, CDC, which is alleged to be a "non- profit" entity.  Defendant, Prime Time Association, which is also alleged to be a "non-profit" entity, was formed by Defendant, Deion L. Sanders.  Defendant, Deion L. Sanders and Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace represent that they are "business partners." They have worked together on various "for-profit" ventures, including but not limited to PrimeTimePlayer, which defrauded numerous investors, students, and families out of the investments they made. Defendant, Prime Time Association is also involved with Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, Defendant, Fredrick R. Mays, Defendant, Chazma Jones, Kevin Jefferson, and William McKinley Jackson, and Defendant, Uplift Fort Worth, CDC, relative to the 2011 Summer Food Service Program, in that Defendant, Prime Time Association and Defendant, Uplift Fort Worth, CDC both claim Lobias Murray Christian Academy, which was actually located at 330 East Ann Arbor, Dallas, Texas a feeding site for their respective "non-profit" organizations.   The 2011 Summer Food Service Program application documents filed by Defendant, Uplift Fort Worth, CDC, list the address of Lobias Murray Christian Academy as "330 E. Arbor", Dallas, Texas 75216, which falsely states the name of the street.  The 2011 Summer Food Service Program application documents filed by Defendant, Prime Time

Association, list the address of Lobias "Murry" Christian Academy as "330 Ann Arbor," Dallas, Texas 75216," which falsely states both the spelling of "Murray" and the name of the street. Lobias Murray Christian Academy ceased to function as a private school in September 28, 2010. Both Defendants, Deion L. Sanders and Damien Lamarc Wallace a/k/a D. L. Wallace, have publically claimed in a "Town Hall Meeting," on February 23, 2012, at 330 East Ann Arbor, Dallas, Texas, that "we own this building."  Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, as the representative of Pinnacle Commercial Property Group informed Brent Wilson, who is the Executive Director of Defendant, Life School of Dallas, which occupied the property located at 330 East Ann Arbor, Dallas, Texas 75216, that he had purchased the said property.  As explained in detail below, the majority of the application documents submitted by Defendant, Uplift Fort Worth, CDC, and Defendant, Prime Time Association, are identical except for the entities names and different variations of addresses and numbers.  The slight variations in the spelling of names and addresses, and the slight variations in budget numbers were false statements and false records which were made in the furtherance of a conspiracy between Defendant, Damien Lamarc Wallace a/k/a D.L. Wallace, Defendant, Chazma Jones, and Defendant, Deion L. Sanders, to foil any electronic vetting parameters existing in the Texas Unified Nutrition Programs System used by the State of Texas in the application process.

41.     Pinnacle Commercial Property Group is a "for-profit" entity, controlled by Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, who is listed as a "governing person" in the Application for Registration of a foreign Limited Liability Company filed by Pinnacle Commercial Property Group, LLC with the Texas Secretary of State.  Therefore, Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, and Defendant, Chazma Jones, have conflicts of interest when their involvement is viewed in light of  when the Summer Food Services Program

Budget Detail.   The developmental history of Pinnacle  Commercial Property Group is as follows:

42.      On September 17, 2009, Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, as "VP of Operations" of Sports Groove, LLC, executed and filed an Assumed Name Certificate in Tarrant County, Texas, reserving and protecting the assumed name "Pinnacle Commercial Property Group".

43.      On September 30, 2009, Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace  a/k/a D. L. Wallace, under the name D. L. Wallace, registered Pinnacle Commercial Property Group, LLC in the State of Delaware.  Said Pinnacle Commercial Property Group, LLC has filed no Tax Reports, owes delinquent taxes, and "ceased good standing" on June 1, 2012.

44.       On November 30, 2009, Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, filed Application for Registration of a Foreign Limited Liability Company in the State of Texas, which listed Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, and Defendant, Chazma Jones as "Governing Persons."

45.      On January 6, 2012, Defendant, Chazma Jones filed an Amendment to Registration on behalf of Pinnacle Commercial Property Group, LLC in the State of Texas, adding Governing Person, Kevin Jefferson, 6115 Lake Placid Drive, Dallas, Texas 75232, and deleting the name of Governing Person, Damien L. Wallace, 4400 Panola Ave. Fort Worth, Texas 76013.   The address of 4400 Panola Ave, Fort Worth, Texas 76013, is actually the address of Defendant, Charity Church.

46.      Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, and Defendant, Chazma Jones, have an undisclosed conflict of interest relative to the 2011and 2012 Summer Food Services Program because they have a controlling interest in Pinnacle Commercial Property Group which

derives income from its relationship relative to the Summer Food Services Program feeding site located at 330 East Ann Arbor, Dallas, Texas 76216, either as a landlord, a management company, or an alleged owner of the said property.  The Budget Detail in the Site Applications filed by Uplift Fort Worth, CDC and Defendant, Prime Time Association, both list "facility/utilities" estimated expense in the amount of $4,000.00 relative to the same physical location at 330 East Ann Arbor, Dallas, Texas 76216, as a feeding site, even though Defendant, Uplift Fort Worth, CDC, lists sixteen (16) Summer Food Services Program feeding sites, but Relator has reason to believe that feeding took place a significantly fewer sites in 2011. Defendant, Prime Time Association, lists only two (2) Summer Food Services Program feeding sites, but only actually fed children at one (1) site.

### Section VI – Miscellaneous

47.     Question 2: Is there a rental agreement, lease, or contract associated for any of the non-food costs listed in Section II?  The answer provided by Defendant, Uplift Fort Worth, CDC "yes."  Relator-Plaintiff will show that any leasing agreement entered into by Defendant, Uplift Fort Worth, CDC and the owner of the property located at 330 East Ann Arbor, Dallas, Texas 75216, would have been with or through Pinnacle  Commercial Property Group which is a "for-profit" entity controlled by Defendant, Damian Lamarc Wallace, and Defendant, Chazma Jones, which would be a conflict of interest and part of a conspiracy between Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, Defendant, Chazma Jones, and Pinnacle  Commercial Property Group  to use the Summer Food Services Program to obtain funds for their own personal interests.  Further conflicts of interest exists relative the Summer Food Services Program feeding site located at 4400 Panola Fort Worth, Texas 76103.  Defendant, Fredrick R. Mays, a/k/a Bishop F. R. Mays, is the head Pastor of Charity Church, described above, and also

the Chief Financial Officer of Pinnacle Commercial Property Group which has a lease agreement for profit relative to the Summer Food Service Program feeding site located at 330 East Ann Arbor, Dallas, Texas 75216.  These locations are both the supposedly food facility locations for Defendant, Uplift Fort Worth, CDC, as well as feeding sites.

2011 SUMMER FOOD SERVICE PROGRAM
VIABILITY, CAPABILITY AND ACCOUNTABILITY (VCA) CHECKLISTS
FILED BY DEFENDANT, UPLIFT FORTH WORTH, CDC,  CDC AND DEFENDANT,
PRIME TIME ASSOCIATION

**Section 1.  Contracting Entity Information (Defendant, Uplift Fort Worth CDC)**

48.     Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, has indicated the Mailing Address for Uplift Fort Worth, CDC to be P. O. Box 535426, Grand Prairie, Texas 75053.  The actual address of Uplift Fort Worth, CDC listed in Section 1 is 4400 Panola, Fort Worth, Texas 76103, which is also the address of Defendant, Charity Church, Pinnacle Commercial Property Group and Uplift Fort Worth's recently approved Charter School, Prime Prep Academy. Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, resides at 13241 Blue Jean Drive, Haslet, Texas 76052.  However, Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, has established the mailing address for Uplift Fort Worth, CDC in the City of Grand Prairie, Texas. This mailing address is the same mailing address Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, has used in the past relative to fraudulent endeavors, including but not limited to,DFWBTC, LLC, and Prime Time Player.  On Section 1 – Board Chairman, in this application process, Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, stated his "Title" was "Director."  In Section 1 – Contracting Entity Information he lists his Title to be "President/CEO

**Section II- Organization Background and Eligibility (Defendant, Uplift Fort Worth CDC)**

49.      (Question E) Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, on behalf of Defendant, Uplift Fort Worth, CDC, claimed to have an after school Tutoring Program, which was funded by Uplift Fort Worth, and which earned $50,000.00 annually.  Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, did put in place an online tutoring site, but it was not funded by Uplifted Fort Worth.  The tutoring site was actually a "for-profit," venture located at www.primestudyhall.com and www.ptpcp.com, which announced that Primetime Player presents PTP Study Hall.  Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, and Defendant, Deion L. Sanders, and Sports Groove, LLC, individually and d/b/a Primetime Player, installed the "study hall" as part of a fraudulent scheme called PTP RED and PTP PAGES which defrauded investors, children, and families.  The blatancy of that scheme in demonstrated by the contact information listed on the web sites: Prime College Prep Store, 123 Test Drive, Fort Worth, Texas, 75075, 212-555-1212.  The street address "123 Test Drive" does not exist in Fort Worth, Texas, or Plano, Texas, which is the city for zip code 75075.  The telephone number "212-555-1212" is the telephone number for New York, New York.  A fee of $19.95 per month was charged to participate in the study hall.  All of this information was provided, with documentation, to the Texas Education Agency, when Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, and Defendant, Deion L. Sanders, were making application for a Charter School, Prime Prep Academy, but it had no effect.  Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, and Defendant, Deion L. Sanders, removed the web site after Relator-Plaintiff provided the information and documentation to the Texas Education Agency, and Relator-Plaintiff still possesses the documentation provided.

## Section III – Financial Viability (Defendant, Uplift Fort Worth CDC, and Defendant, Prime Time Association)

50.     The answers and information provided by Defendant, Uplift Fort Worth, CDC, and Defendant, Prime Time Association, Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, Defendant, Deion L. Sanders, Defendant, Chazma Jones, and Remond Elder, in the Viability, Capability and Accountability Checklists portion of their respective 2011 Summer Food Services Program applications, are clearly the result of collaboration, duplicity, and conspiracy between them, in that such answers and information are essentially identical (including typographical errors), with the exceptions of names and certain numbers.  Defendant, Uplift Fort Worth, CDC, filed its 2011 Summer Food Service Program application on March 23, 2011, and Defendant, Prime Time Association, filed its 2011 Summer Food Services Program application on April 12, 2011.  A glaring example of such collaboration, duplicity, and conspiracy is found at Section III, Financial Viability, Question "B," where Defendant, Uplift Fort Worth, CDC, and Defendant, Prime Time Association, Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, Defendant, Deion L. Sanders, Defendant, Chazma Jones, and Remond Elder, describe a plan for training and documentation, and list various titles of the "Management team staff members, but fail to list the identities of such persons.

51.     Another glaring example of such duplicity and conspiracy is found at Section III, Financial Viability, Question "D," where, the statement of "Assets" and "Values" in the 2011 Uplift Fort Worth CDC application is as follows:

| Name of Asset | Funding Source | Current Value |
|---|---|---|
| Computers | Uplift Fort Worth | $5,000.00 |
| Office Equipment | Uplift Fort Worth | $5,000.00 |
| Company Buses | Uplift Fort Worth | $30,000.00 |

52.     The "Assets" and "Values" stated in the 2011 Prime Time Association 2011 Summer Food Service Program application are as follows:

| Name of Asset | Funding Source | Current Value |
|---|---|---|

| Computers | Prime Time Association | $5,000.00 |
| Office Equipment | Prime Time Association | $5,000.00 |
| Organization Buses | Prime Time Association | $30,000.00 |

53.     The statements as to "Assets" and "Values" are identical in the two (2) 2011 Summer Food Service Program applications prepared and filed by Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, Defendant, Deion L. Sanders, Defendant, Chazma Jones, and Remond Elder, on behalf of Defendant, Uplift Fort Worth, and Defendant, Prime Time Association.  Only the "Funding Source" is different in the two (2) applications.  Relator-Plaintiff will show that Defendant, Uplift Fort Worth, CDC's, claim that it owns "company buses" is a false and fraudulent statement.  However, Defendant, Prime Time Association, does own two (2) buses that were contributed by Dallas County to Prime Time Association in 2009 to transport the Truth Football Team.

54.     Also, the "Financial Obligation" and "Expenditure" listed in the 2011 Summer Food Service Program applications filed on behalf of Defendant, Uplift Fort Worth, CDC, is as follows:

| Financial Obligation | Funding Resource | Expenditure | Schedule/Term Date |
| --- | --- | --- | --- |
| Rent | Uplift Fort Worth | $1,850.00 | Monthly |
| Utilities | Uplift Fort Worth | $1,000.00 | Monthly |
| Prime TimePlayer | Uplift Fort Worth | No Charge | Beta Testing 2 years |
| Payroll | Uplift Fort Worth | $1,200.00 | Monthly |

55.     The "Financial Obligation" and "Expenditure" stated by Defendant, Prime Time Association, in its 2011 Summer Food Service Program applications are as follows:

| Financial Obligation | Funding Resource | Expenditure | Schedule/Term Date |
| --- | --- | --- | --- |
| Rent | Prime Time Association | $1,850 | Monthly |
| Utilities | Prime Time Association | $1,000 | Monthly |
| Payroll | Prime Time Association | $1,200 | Monthly |

56.     With the exception of one (1) "no charge" item of "Financial Obligation," the categories of "Financial Obligation," "Expenditure Amount," and "Schedule/Term Dates" are identical in the 2011 Summer Food Services Program applications filed by Defendant, Uplift Fort Worth, CDC, and Defendant, Prime Time Association.

57.     Defendant, Uplift Fort Worth, CDC, claims 16 feeding sites for the 2011 Summer Food Service Program, and Defendant, Prime Time Association, claims only one feeding site for the 2011 Summer Food Service Program; however, the respective financial obligations for rent, utilities, and payroll for each organization are identical.  The entry of a "No Charge" item as an "Expenditure Amount" in its listing of "Financial Obligations" of Defendant, Uplift Fort Worth, CDC, is manifestly untrue, in that if there is no charge, there is no financial obligation.  Also, that item is omitted from the same section of the 2011 Summer Food Service Program filed on behalf of Defendant, Prime Time Association.  Prime Time Player and Prime Time Association are both entities created relative to the notoriety of Defendant, Deion L. Sanders; therefore, the omission of that item from the 2011 Summer Food Service Program application filed on behalf of Defendant, Prime Time Association, is an attempt to avoid documenting what was perceived by Defendant, Uplift Fort Worth, CDC, and Defendant, Prime Time Association, Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, Defendant, Deion L. Sanders, Defendant, Chazma Jones, and Remond Elder, as a conflict of interest.

58.     The collaboration and conspiracy between Defendant, Uplift Fort Worth, CDC, and Defendant, Prime Time Association, Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, Defendant, Deion L. Sanders, Defendant, Chazma Jones, and Remond Elder, is further manifested by the fact that Defendant, Uplift Fort Worth, CDC, and Defendant, Prime Time Association, jointly notified the public through the web site, www.feedmeprime.com, that the

two organizations were accepting bids for milk vendors, food vendors and food management companies relative to the "FEED ME PRIME Summer Food Program."

59.     The extreme similarity between the answers and information provided in such broadly rounded numbers, without documentation, indicates complicity and conspiracy between Defendant, Uplift Fort Worth, CDC, and Defendant, Prime Time Association, Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, Defendant, Deion L. Sanders, Defendant, Chazma Jones, and Remond Elder, and establishes the conscious and deliberate misrepresentations contained in their respective "Certified" 2011 Summer Food Service Program applications, signed by Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace  for Defendant, Uplift Fort Worth, CDC, and by Remond Elder, on behalf of Defendant, Prime Time Association, under penalty of perjury.

### FALSE AND FRAUDULENT RECORDS AND STATEMENTS MADE BY DEFENDANT, UPLIFT FORTWORTH, CDC, AND BY DEDFENDANT, PRIME TIME ASSOCIATION, RELATIVE TO THE 2012 SUMMER FOOD SERVICE PROGRAM

60.     The 501,(c) 3 status of Prime Time Association was revoked on May 15, 2012, due to its failure to prepare and file Form 990 series return or notice for three consecutive years. Notwithstanding such action, Prime Time Association has continued to represent to the public that it is currently a 501 (c) 3 entity, and has actually applied for and received federal funds in amount of $94,082.72 during the period beginning June 11, 2012 through July 31, 2012 for participation in the 2012 Summer Food Service Program, administered through the Defendant, Texas Department of Agriculture.  The *Administrative Guidance for Sponsors*, made available to prospective Summer Food Service Program sponsors by the United States Department of Agriculture , contains reference to 7 CFR 225.14(14), (c), and (d), which establishes that, except for governmental entities, Sponsors must be "public or private non-profit" entities.   Also,

"Private non-profit sponsors must be tax exempt under Section 501 (c) of the *Internal Revenue Code of 1986*." Defendant, Prime Time Association, also filed an application to participate in the 2013 Summer Food Service Program. Said application was deficient, and Defendant, Texas Department of Agriculture, gave several warnings and instructions to aid Prime Time Association concerning such deficiencies. Such deficiencies were not resolved by Defendant, Prime Time Association, and the application was ultimately denied on May 7, 2013. One reason for the denial of the application was the fact that Defendant, Prime Time Association's. 501 (c) 3 status had been revoked. On July 13, 2013, Plaintiff-Relator submitted a Public Information Request (PIR 13-611) to Defendant, Texas Department of Agriculture, requesting information relevant to payments made by Defendant, Texas Department of Agriculture to Defendant, Prime Time Association and any adverse action regarding the 2012 Summer Food Service payments. Plaintiff-Relator also request a copy of Defendant, Prime Time Association approval letter and application for the 2013 Summer Food Service Program. On July 25, 2013, Plaintiff-Relator received a response to his Public Information Request from Jessica Escobar, Assistant General Counsel & Public Information Officer for Defendant, Texas Department of Agriculture, providing requested documents for the year 2013 and stating "I've attached the responsive information to your first request. Please note that we don't have anything responsive to the second part of the request." Plaintiff-Relator responded by email inquiring as to whether or not Ms. Escobar has cleared up the issue as to the inappropriate payments to Defendant, Prime Time Association for the 2012 Summer Food Service Program. On July 26, 2013, Jessica Escobar, responded by email stating, "I shared our discussion and I don't think any additional action will be taken at this time. But I'll let you know if that changes." On July 29, 2013, Plaintiff-Relator contacted Jessica Escobar by telephone to check on the adverse action situation. Jessica Escobar

informed Plaintiff-Relator that she had had a discussion with the lawyer in the Food and Nutrition Department regarding possible adverse action against Defendant, Prime Time Association.  Jessica Escobar further advised Plaintiff-Relator that she personally agreed with Plaintif-Relator that adverse action should be taken to recover the money paid to Defendant, Prime Time Association, and that she disagreed with the Lawyer in the Food and Nutrition Department, but stated there is nothing she could do.  Jessica Escobar further advised Plaintiff-Relator that he could request that an Attorney General Opinion be obtained.

61.    The application forms for the year 2012 differs from the form for the of the year 2011; however, most of the false statements made in their 2011 Summer Food Service Program application by Defendant, Uplift Fort Worth, are the same misinformation as provided in their 2012 Summer Food Service Program.   Some additional false and fraudulent statements contained in the 2012 Summer Food Service Program application are as follows:

### a.  Defendant, Uplift Fort Worth's Summer Food Service Program Contracting Entity Application For school Year: 2011 - 2012

62.    In the SFSP CE Application For School Year 2011 – 2012, on page 3 of 5, Item 31, sub-item 1, Defendant, Uplift Fort Worth, CDC, and Defendant, Prime Time Association, Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, Defendant, Deion L. Sanders, Defendant, Chazma Jones, and Remond Elder, certified that neither Defendant, Uplift Fort Worth, or its principals, nor Defendant, Prime Time Association, or its principals, participated in any publicly funded programs within the past seven years.  In fact, however, Defendant, Uplift Fort Worth, and Defendant, Prime Time Association, participated in the Summer Food Service Program in the year 2011, and received funding from the Texas Department of Agriculture, which was at least partially funded by the United States Department of Agriculture.  Also, Defendant, Damien

Lamarc Wallace a/k/a D. L. Wallace, participated in publically funded Weed and Seed programs in the years 2005, 2006, and 2007 with City of Grand Prairie, which was funded by the United States Department of Justice, Office of Justice Programs.

63.     In the SFSP CE Application For School Year 2011 – 2012, on page 3 of 5, Item 31, sub-item 2, Defendant, Uplift Fort Worth, CDC, Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, Defendant, Chazma Jones, answered that within the past seven years, neither the contracting entity nor any of its principals were declared ineligible to participate in any publicly funded programs for violating program requirements.  Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, was a principal of DFWBTC, LLC, which was declared ineligible by the Texas Secretary of State to conduct any business in the State of Texas because its Charter and certificate had been forfeited due to non-reporting and non-payment of taxes.  Said forfeiture was never corrected.  Notwithstanding the said forfeiture, Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, continued to operate under the name DFWBTC, LLC, and collected public funds, and the said funds were not refunded to the Weed and Seed program.

**b.  Defendant, Uplift Fort Worth's,
2012 Summer Food Service Program
Management Plan**

64.     In the "Management Plan" section of the 2012 Summer Food Services Program application filed by Defendant, Uplift Fort Worth, and Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace  make conflicting statements of false information.  In the subsection entitled "Summer Food Service Program Management Plan" Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace  is listed as the "Board Chairman/Director" of Defendant, Uplift Fort Worth.  In the section entitled "2011 – 2012 SFSP Management Plan" Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, is listed as "Executive Director" of Defendant, Uplift Fort Worth.  The

Texas Secretary of State lists Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace  as "Chairman/ CEO.  On or about July 12, 2012, through July 21, 2012, Defendant, Uplift Fort Worth, Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, and allegedly, Carl Dorvil, notified Defendant, Texas Department of Agriculture, of its termination of the Summer Food Services Program contract.  That notification was by written correspondence purporting to be from Carl Dorvil, Board Chairman of Defendant, Uplift Fort Worth.   Several email communications between Defendant, Uplift Fort Worth, allegedly by and through Carl Dorvil, and by and through Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace  "on behalf of Carl Dorvil" following the said notification of "Contract Termination" were in fact between Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, and various Texas Department of Agriculture management personnel of the Food and Nutrition Division.  Relator-Plaintiff will show that, as described above regarding communications purportedly being from William McKinley Jackson, no original signature of Carl Dorvil, appears on any of the "contract termination" and "retraction of termination notice" series of correspondence.  The only signature of Carl Dorvil, is on a second copy of the "Contract Termination" correspondence, and it is clearly a stamped signature, which is not even placed in the signature block of the correspondence.  This is the same placement of a stamped signature as exhibited in the exact copied signature of William McKinley Jackson, on two different documents.  In the Summer Food Service Program Management Plan there are 14 Administrative Personnel, 20 site supervisors, and 30 volunteers listed.  In the 2011-2012 SFSP Management Plan there are 25 Administrative Personnel for the same positions, 25 site supervisors, and 50 volunteers listed. Also, the "Training Dates" listed are different in the two versions of the Management Plan

**c. Defendant, Uplift Fort Worth's 2012 Summer Food Service Program - Budget**

65.     There are conflicts in the projections of operating costs and administrative costs made relative to the Summer Food Service Program Budget Detail filed with the Defendant, Texas Department of Agriculture, by Defendant, Uplift Fort Worth CDC, and the projected operating costs and administrative costs made relative to the 2011 – 2012 SFSP Budget Detail required by the Texas Unified Nutrition Programs System submitted by Defendant, Uplift Fort Worth CDC, as follows:

### CONFLICTING BUDGET DETAILS

| Projected Operating Costs | Texas Unified Nutrition Programs System | Summer Food Service Program |
|---|---|---|
| Food for all vended and self-prep meals | $544,000.00 | $841,680.00 |
| Non Food Supplies | $5,000.00 | $12,000.00 |
| Operational Personnel | $25,000.00 | $30,000.00 |
| Fringe Benefits | $0.00 | $0.00 |
| Facility and Utility | $10,000.00 | $10,000.00 |
| Equipment Rental | $5,000.00 | $7,500.00 |
| Transportation | $2,500.00 | $3,000.00 |
| **TOTALS:** | **$591,500.00** | **$904,180.00** |

| Projected Administrative Costs | Texas Unified Nutrition Programs System | Summer Food Service Program |
|---|---|---|
| Administrative Personnel: | $30,000.00 | $40,000.00 |
| Fringe Benefits: | $0.00 | $0.00 |
| Office Expense: | $2,500.00 | $3,000.00 |
| Facility and Utility: | $5,000.00 | $7,500.00 |
| Transportation: | $2,500.00 | $2,500.00 |
| Audit Fees: | $500.00 | $500.00 |
| Legal Fees: | $0.00 | $500.00 |
| **TOTALS:** | **$40,500.00** | **$54,000.00** |

**Defendant, Uplift Fort Worth's 2012 Summer Food Service
Program – Viability, Capability and Accountability**

66.     Section 1 – Contracting Entity Information:  Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, is listed as both the "Chairman CEO" and as a "Director" of Defendant, Uplift

Fort Worth CDC, with the Texas Secretary of State.  Defendant, Damien Lamarc Wallace a/k/a

D. L. Wallace, has falsely stated his functional and official capacity with Defendant, Uplift Fort

Worth CDC, in various parts of the 2011 and 2012 Summer Food Service Program applications.

More specifically, in Section 1 – Contracting Entity Information, of the Viability, Capability and

Accountability Checklist submitted in the 2011 Summer Food Service Program application, by

Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, and Defendant, Uplift Fort Worth, it is

stated that Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, is the "President/CEO,"

which is an office that is not documented with the Texas Secretary of State.  In the same section

of the 2012 Summer Food Service Program application, Defendant, Damien Lamarc Wallace

a/k/a D. L. Wallace, refers to himself as "Director."  In the various email communications with

Defendant, Texas Department of Agriculture, described in paragraph number 26 above, he refers

to himself as "Executive Director."  In the same email communications he represents that Carl

Dorvil, is the "Board Chairman."  The representation that Carl Dorvil, is the "Board Chairman"

is inconsistent with Section IV – Administrative Capability, D, in the Viability, Capability and

Accountability Checklist in the 2012 Summer Food Service Program application, where it is

represented that Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, is the "Board

Chairman," and Carl Dorvil, is the "Vice Chairman."  If, in fact, the titles had actually been

changed, such amendment to the Uplift Fort Worth CDC information filed with the Texas

Secretary of State was not "immediately" reported to the Defendant, Texas Department of

Agriculture, as required by the Certification signed by Defendant, Damien Lamarc Wallace a/k/a

D. L. Wallace, as "DL Wallace."  In fact, no such amendment was filed with the Texas Secretary

of State.  Therefore, the representations as to the capacity of Carl Dorvil, were false, deceptive,

and misleading.  Such representations that Carl Dorvil, was the Board Chairman were made only

after Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, and Defendant, Uplift Fort Worth
CDC, became aware that site inspections and investigations were being commenced by
Defendant, Texas Department of Agriculture.  The first representation that Carl Dorvil, was the
Board Chairman was disclosed in the "Contract Termination Letter" discussed in paragraph
number 64 and 65 above.  Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, unofficially
changed his title within Defendant, Uplift Fort Worth, from Board "Chairman" to "Executive
Director," and the title of Carl Dorvil, from "Vice Chairman" to "Board Chairman."  Such
changes were not identified or documented with the Texas Secretary of State or the Texas
Department of Agriculture.

67.     Defendant, Prime Time Association, did not include a "Viability, Capability and
Accountability (VCA) Checklist" in its 2012 Summer Food Service Program application.
Relator, made a Public Information Request to Defendant, Texas Department of Agriculture, for
the entire 2012 Summer Food Service Program application submitted by Defendant, Prime Time
Association, but did not receive the "Viability, Capability and Accountability (VCA) Checklist"
section.  Therefore, on or about September 18, 2012, Relator-Plaintiff inquired by way of another
specific Public Information Request to Defendant, Texas Department of Agriculture, for a copy
of the "Viability, Capability and Accountability (VCA) Checklist" section of the 2012 Summer
Food Service Program application submitted by Defendant, Prime Time Association.   On
September 19, 2012, Relator-Plaintiff received a response from Jessica Escobar, Assistant
General Counsel, Public Information Office, Texas Department of Agriculture, informing
Relator-Plaintiff that Defendant, Prime Time Association, had not submitted a "Viability,
Capability and Accountability (VCA) Checklist" as part of its 2012 Summer Food Service
Program application, and further stating that "They were not a new CE and were not noted as

Risk Assessment/High Risk to justify a VCA review."   Clearly, in failing to notice and investigate the false and fraudulent statements and claims described in paragraph 25 above by both Defendant, Uplift Fort Worth CDC, and Defendant, Prime Time Association, in their respective 2011 Summer Food Service Program applications, Defendant, Texas Department of Agriculture, had wholly failed to thoroughly and objectively vet Defendant, Prime Time Association, and Defendant, Uplift Fort Worth CDC, as applicants to participate in the 2012 Summer Food Service Program.  Defendant, Texas Department of Agriculture, and Defendant, Deion L. Sanders, have mutual interests, in that Defendant, Deion L. Sanders, is a designated spokesperson for the Summer Food Service Program administered by Defendant, Texas Department of Agriculture, and has appeared in an advertisement with Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, and Texas Department of Agriculture Commissioner, Todd Staples.  Defendant, Deion L. Sanders, is the founder of Defendant, Prime Time Association, and the "Business Partner" of Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, who is the founder of Defendant, Uplift Fort Worth CDC.

68.     Section II – Organization Background and Eligibility – There are false statements in item E. of this section, which were allegedly corrected only after Defendant, Texas Department of Agriculture, on or about July 30, 2012, demanded that Defendant, Uplift Fort Worth CDC, by and through Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, Defendant, Chazma Jones, and Molly Bower, , certify the accuracy of several questionable statements relative to past programs and annual earnings from those programs as follows:

**2011 Application: Activities and/or program provided to the local community throughout the year**

| Program/Activiy | Operating/Date(s) (from/to) | STATED Annual | ACTUAL Annual | Public or Private | Programs Funded |
|---|---|---|---|---|---|

| | | Program Earnings | Program Earnings | Program | By |
|---|---|---|---|---|---|
| Online After School Tutoring Program | January - December | $50,000 | 0* | Public | Uplift Fort Worth |
| Back to School Expo and Giveaway | August (one day event) | - | -- | Public | Uplift Fort Worth |
| Coat and Bikes for Schools Christmas Giveaway | December (two day event) | - | - | Public | Uplift Fort Worth |

\*    The stated annual earnings of this program was corrected by Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, and Defendant, Chazma Jones, and no corrected value was provided.

**2011 Application: Organization's income and sources of income for the previous 12 months**

| STATED INCOME | ACTUAL INCOME | SOURCE OF INCOME |
|---|---|---|
| $10,000.00 | $-0- | Wal-Mart Donation |
| $2,000.00 | $-0- | Enterprise Rental Car Donation |
| $1,000.00 | ? | DMS Donation |
| $1,500.00 | ? | Metro PCS Donation |
| $30,000.00 | $-0- | After School Program |

**2012 Application: Current activities and/or programs provided to the local community throughout the year**

| Program/Activity | Operating Date(s) (from/to) | STATED Annual Program Earnings | ACTUAL Annual Program Earnings | Public or Private Program | Program Funded by |
|---|---|---|---|---|---|
| Tutoring Program | Sept-May | $275,000 | 0* | Public | Participants/Private Donors |
| SFSP | June – Aug. | $590,000 | $590,000 | Public | TDA/Sponsorship/ Private Donor |
| Back to School Giveaway | Mar. - June | $75,000 | 0* | Public | Sponsors/Vendors |
| Christmas Giveaway | Aug. – Dec. | $120.000 | 0* | Public | Sponsors/Vendors |
| Job Training | Jan. – May Aug. – Dec. | $65,000 | 0* | Public | Participants/Donors |
| Charter School Development | Sept. - May | $220,000 | 0* | Public | Sponsors/Private Donors |

\*   The stated annual earnings of this program was corrected by Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace,     and Defendant,     Chazma Jones, and no corrected value was provided.

**2012 Application: Organization's income and sources of income for the previous 12 months**

| Income | Actual Income | Source of Income |
|---|---|---|
| $195,000 | 0* | Account Receivable (pledged donations back to School/Christmas) |
| $65,000 | 0* | Job Training Program |
| $275,000 | 0* | Tutoring Program |
| $590,000 | 0* | SFSP/TDA/Private Donors |
| $220,000 | 0* | Charter School Development |

\*   The stated annual earnings of this program were corrected by Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, and Defendant, Chazma Jones, and no corrected value was provided.

69.     The changes, listed in the above charts, were not made or disclosed until August 6, 2012, after the truthfulness of the statements were called into question and after Relator-Plaintiff had made a written complaint on April 17, 2012, to the United States Department of Agriculture OIG, and numerous Public Information Requests to the Texas Department of Agriculture, all of which called the veracity of the information into question.  On or about May 16, 2012, the United States Department of Agriculture OIG requested of Defendant, Texas Department of Agriculture, that it conduct an audit of the 2011 Summer Food Programs conducted by Defendant, Uplift Fort Worth CDC, and monitoring of each active feeding site and Defendant, Uplift Fort Worth's, operational expenses during the remainder of the 2012 Summer Food Service Program then being conducted by Defendant, Uplift Fort Worth CDC.  Defendant, Uplift Fort Worth CDC, made claim for reimbursement and was paid $600,189.34 in 2011. In 2012, Defendant, Uplift Fort Worth CDC, made claim for reimbursement and was paid $222,774.91 for the month of June, 2012, and made claim for reimbursement for $109,326.86 for the month of July 2012, even after he had given notice to Defendant, Texas Department of Agriculture, that

Defendant, Uplift Fort Worth, was terminating its participation in the Summer Food Service Program effective July 12 2012.  On or about July 27, 2012, Defendant, Uplift Fort Worth, attempted to retract the said "Contract Termination Letter" by forwarding a "Retraction of Complaint Letter" to Defendant, Texas Department of Agriculture.  Said payments were made to Defendant, Uplift Fort Worth, by Defendant, Texas Department of Agriculture, with federal funds, based on the false statements described above.


## AUDIT OF 2011 AND 2012 SUMMER FOOD SERVICE PROGRAM SPONSORED BY DEFENDANT, UPLIFT FORT WORTH CDC

### Historical Background:

70.     On or about March 13, 2010, Relator-Plaintiff notified the Fort Worth Better Business Bureau of his complaints about deceptive business practices and possible criminal activities committed by Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, Defendant, Chazma Jones, and Defendant, Deion L. Sanders, and Relator-Plaintiff was given a list of state agencies that may need to be contacted about such concerns.

71.     On or about March 12, 2010, Relator-Plaintiff filed a complaint with Office of the Attorney General of Texas, Consumer Protection and Public Health Division, about the deceptive business practices committed by Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, Defendant, Chazma Jones, and Defendant, Deion L. Sanders.  Relator-Plaintiff received a letter from The Office of The Attorney General of Texas dated March 16, 2010, acknowledging and thanking Relator-Plaintiff for the information; however, Realtor has heard nothing further from the Office of the Attorney General of Texas regarding those matters.  On or about February 2, 2012, Relator-Plaintiff filed a Charitable Trust Complaint with the Office of

the Attorney General of Texas about the false statements and claims made and being made by Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, Defendant, Uplift Fort Worth, Defendant, Chazma Jones, and Defendant, Deion L. Sanders.  Relator-Plaintiff received a letter from the Office of the Attorney General of Texas, dated February 28, 2012, stating that his complaint "has been reviewed and remains under consideration."  Relator-Plaintiff has heard nothing further from the Office of the Attorney General of Texas.

72.      On or about November 16, 2010, Relator-Plaintiff filed a complaint with the Texas State Securities Board relative to his concerns about possible illegal activities relative to the formation of a Charter School being conducted by Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, Defendant, Uplift Fort Worth, Defendant, Chazma Jones, and Defendant, Deion L. Sanders.  Relator-Plaintiff engaged in numerous telephone conversations, email correspondence, with and on June 17, 2011, met with Mr. Joseph P. Oman, Assistant Director, Enforcement Division, with the Texas State Securities Board regarding his complaints.  Relator-Plaintiff provided considerable information and documentation to the Texas Securities Board about his concerns, and Mr. Joseph P. Oman informed Relator-Plaintiff by email on September 11, 2011, as follows: "Thank you for the information. I have concerns about this.  I will attempt to notify the proper authorities."  Thereafter, Relator's calls to Mr. Oman were not returned and no action was taken that is known to Relator.

73.      Still being concerned about his perception of deceptive and illegal practices being committed by  Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, Defendant, Uplift Fort Worth, and Defendant, Deion L. Sanders, relative to the formation of a Charter School, on or about October 5, 2011, Relator-Plaintiff made complaint to the Texas State Auditor's Office, requesting that wrongful conduct of Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace,

Defendant, Uplift Fort Worth, and Defendant, Deion L. Sanders, relative to the applications for charter schools filed by them and then pending before the Texas Education Agency.  No action was taken by the Texas State Auditor's Office, other than sending Relator's complaint to the Texas Education Agency.  Ultimately on or about October 13, 2011, Relator-Plaintiff requested a meeting with the Mr. Robert Scott, Commissioner of The Texas Education Agency, and the meeting was denied. No significant actions had been taken by any Texas state agency relative to any of Relator's previous complaints about Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, Defendant, Uplift Fort Worth, Defendant, Deion L. Sanders, and Defendant, Prime Time Association, Defendant, Chazma Jones. On or about February 8, 2012, Relator-Plaintiff filed a complaint with the Dallas, Texas, office of the United States Department of Education, Office of Inspector General, which is still under investigation. In the process of gathering information relative to the deceptive trade practices issues and the Charter School issues Relator-Plaintiff became aware, through the Uplift Fort Worth web site, of false statements and false claims being made about the Summer Food Services Program by Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, Defendant, Uplift Fort Worth, Defendant, Deion L. Sanders, and Defendant, Prime Time Association, Defendant, Chazma Jones.  Therefore, on or about April 23, 2012, Relator-Plaintiff filed a complaint with the United States Department of Agriculture, Office of Inspector General, relative to his concerns about false statements and claims made by Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, Defendant, Uplift Fort Worth, and Defendant, Deion L. Sanders.  Relator-Plaintiff provided information and documentation to the United States Department of Agriculture and ultimately met with its representatives on May 4, 2012, when it was determined that an audit should be made of the 2011Summer Food Service Program sponsored by Defendant, Uplift Fort Worth.  On or about May 16, 2012, based on

Relator's complaint, a request was made by the United States Department of Agriculture to Defendant, Texas Department of Agriculture, to perform a "vendor audit" of the of 2011 and 2012 Summer Food Services Program sponsored by Uplift Fort Worth.  It was decided that, since Defendant, Deion L. Sanders, who was also associated with Defendant, Uplift Fort Worth, CDC, had partnered with Defendant, Texas Department of Agriculture, as a Summer Food Service Program spokesman, the vendor audit should be conducted by an independent auditing firm.  The firm, Horne CPA's & Business Auditors, was assigned the task of performing the vendor audit, which was commenced on August 6, 2012.

74.    At the request of Horne CPA's & Business Auditors, on or about July 30, 2012, written request was made by Defendant, Texas Department of Agriculture, through correspondence from Mr. Michael R. Russett, Director, Community Operations Food and Nutrition, addressed to Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, and Defendant, Uplift Fort Worth, CDC, that provide certain information and to verify certain statements contained in the Uplift Fort Worth Summer Food Service Program applications for 2011 and 2012.  It was specifically requested that Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, Defendant, Chazma Jones, and Molly Bower, bookkeeper, each certify the information and statements contained in the letter of representation by their signatures and present the signed certification to the "review team upon their arrival."   The certification was not signed by Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, until August 8, 2012, and the alleged signature of Defendant, Chazma Jones, which does not resemble any other known sample of her signature, is dated August 15, 2012.  The certification was not signed by Molly Bower .  The certification was not provided to the review team upon its arrival, but was sent to Defendant, Texas Department of Agriculture, along with a brief letter proffering an explanation for the false statements.  The

proffered explanation contains additional false statements in that the alleged projected expenses alleged to have been included in the section for "donations/Annual Program Earnings to not correlate with the false statements sought to be certified. Also, Question 2A of the letter asked Defendant, Damien Wallace, "Has your organization or any of the organization principals participated in any publicly funded programs with the past seven years."  Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, and Defendant, Uplift Fort Worth CDC had originally falsely answered "no" to that same question in their 2011 and 2012 Summer Food Service Program applications, but changed that answer, in a manner that was less than clear, when answering the same question in response to the said letter.  More specifically, in responding to the said letter, Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, circled "Yes," then appeared to have marked out the circle and initialed the response, but did not re-mark "no."

THE AUDIT

75.     On or about August 13, 2012, Horne CPA's & Business Auditors submitted its vendor audit report to Defendant, Texas Department of Agriculture.  The vendor audit was conducted only on a "testing period" from June 1, 2011 through August 31, 2011, and did not address the 2012 Summer Food Service Program, which involved application statements that would result in considerably greater funding.  Said report outlines limitations placed on Horne CPA's & Business Auditors by Defendant, Texas Department of Agriculture, and, by implication, essentially declines to accept responsibility for what it perceived as insufficient parameters of the audit.  Further, the report explains that Horne CPA's & Business Auditors, therefore, could not and did not express any opinion on Defendant, Uplift Fort Worth's, financial statements, accounts, transactions or balances.

76.     The report submitted by Horne CPA's & Business Auditors describes significant and substantial unreconciled costs differences between vendor invoices and claims made by Defendant, Uplift Fort Worth, and its Executive Director, Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace.  The report also discloses that Defendant, Uplift Fort Worth's, Executive Director, Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, withdrew cash from the bank account and allegedly used it to pay contractors and vendors, and reimburse himself for numerous purchases made on his personal credit card, all of which could not be verified due to lack of adequate documentation.  Payments allegedly made to independent contractors hired to serve meals and supervise children were supported only by time sheets.  There were no contracts between Defendant, Uplift Fort Worth CDC, and the contractors, nor were there personnel files stating agreed-upon rates of pay, hire dates, or personal information.  The contractors allegedly were paid in cash.  It was confirmed by Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, and Defendant, Uplift Fort Worth's, accountant that no Form 1099s were filed for tax purposes. The report reveals that a memo drafted by the Chairman of the Board of Uplift Fort Worth CDC allegedly signed and dated August 14, 2012, documents that the Executive Director, Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, and the Assistant Director, Chazma Jones, were paid, but fails to provide specific information as to their duties and the amounts paid to them. The alleged signature of Carl Dorvil, is actually either a stamped signature or a copied signature, as it is exactly identical to another alleged signature on the "Contract Termination Letter" described in paragraph 64 above.  Due to lack of documentation, the amounts of actual payments to contractors or even the existence of the contractors could not be verified.  Defendant, Uplift Fort Worth, and its principals did not retain an accountant until approximately two (2) weeks prior to the audit, and after Defendant, Texas Department of Agriculture, had served notice that

the audit would begin on August 6, 2012. The "Bookkeeper" listed in the Uplift Fort Worth's 2012 Summer Food Service Program application was Molly Bower, ," who allegedly was no longer with Uplift Fort Worth, and did not sign the requested certification described in paragraph 74 above.

77.     Horne CPA's & Business Auditors recommended that Defendant, Texas Department of Agriculture, require Defendant Uplift Fort Worth to provide supporting documentation as required by federal regulations to support any and all claims going forward, and that it be required to implement a financial management system that includes an operational financial reporting process with effective controls.   Both the 2011 and 2012 Summer Food Service Applications, which were completed and submitted by Defendant, Uplift Fort Worth, and Defendant, Prime Time Association, contain detailed notice of the "Retention Policy," and retention of documentation is also governed by "Review Procedures" 7 CFR 225.7 (d) (2) and "Retention of Records" 7 CFR 225.8 (a)6.

### Adverse Action Taken By Defendant, Texas Department of Agriculture

78.     Following the limited audit conducted by Horne, LLP described above, Defendant, Texas Department of Agriculture, proceeded to seek additional information and documentation to complete its evaluation of the propriety of Defendant, Uplift Fort Worth CDC's, Summer Food Service Program.  In its letter report dated August 13, 2012, Horne, LLP suggested that Defendant, Texas Department of Agriculture, require Defendant, Uplift Fort Worth, to provide documentation supporting documentation as required by federal regulations to support any and all claims in the future.

79.     On October 2, 2012, Defendant, Texas Department of Agriculture, sent correspondence, via Certified Mail and via email, to Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace

and Defendant, Uplift Fort Worth CDC, requesting extensive specific documentation of the information which Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, and Defendant, Uplift Fort Worth, had failed to provide to Horne, LLP during the above described audit, including generally documentation of: cash withdrawals, payroll, food and vendor costs and contracts, and financial documentation.  Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, and Defendant, Uplift Fort Worth, were given sixty (60) days to produce the extensive specific documentation requested.

80.     Notwithstanding the lack of documentation described in the preceding paragraph, Defendant, Texas Department of Agriculture, did take adverse action against Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, and Defendant, Uplift Fort Worth, based on false statements and fraudulent claims found to exist in their claim for reimbursement for July, 2012. Texas Department of Agriculture, documented in a second letter dated October 2, 2012, to Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, and Defendant, Uplift Fort Worth, Defendant, that it had determined that Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, and Defendant, Uplift Fort Worth, had claimed 14,974 meals ($43,316.64) that were disallowed because of "non-compliances" including: a.) Sites claimed over their approved monthly ADP; b.) Site meal count records being inaccurately completed; c.) Meals served and claimed on unapproved days; and d.) Errors on the meal count records.  Defendant, Uplift Fort Worth CDC's, Claim for Reimbursement for July 2012 stated that 20 sites participated in the Summer Food Service Program.  Defendant, Texas Department of Agriculture, committed to make reimbursement to Defendant, Uplift Fort Worth CDC, for meals served at only 12 sites.  In that same letter, Defendant, Texas Department of Agriculture, made it known that, due to the

significant number of meal disallowances for the July 2012 claim it also intended to "validate"

Defendant, Uplift Fort Worth CDC's, Request for Reimbursement for June 2012

DEFENDANTS' FRAUDULENT SCHEME RELATIVE TO
THE SUMMER FOOD SERVICE PROGRAM

81.     Defendants have jointly and severally made, and conspired to make, the above described

false and fraudulent statements and claims for the purpose of diverting federal funds for their

own personal gain and to promote the success of their for-profit endeavors for their own personal

gain under the name of Uplift Fort Worth, CDC and Prime Time Association, both of which

claim to be non-profit entities.   Defendants jointly and severally endeavored to create and

structure entities, in which they have personal and monetary interests, for the purpose of

diverting federal grant funds to such interests, all of which is contrary to the ethical and non-

profit motivation of the Summer Food Services Program.   Examples of such wrongful conduct

include the following:

DEFENDANT, PRIME TIME ASSOCIATION'S, WRONGFUL USE OF FEDERAL FUNDS
IN THE 2011 AND 2012 SUMMER FOOD SERVICE PROGRAM

**Mixing Of Feeding Site And For-Profit Endeavor:**

82.     Defendant, Deion L. Sanders, and Defendant, Prime Time Association (claimed to be a

non-profit organization), operate T.R.U.T.H Camp, a for-profit summer sport training camp for

kids.  The T. R.U.T.H Camp started in 2009 in Dallas, Texas, and expanded to include Atlanta,

Georgia, in 2012.   In 2011 and 2012 T.R.U.T.H Camp was held on facilities rented from

Duncanville High School in Duncanville, Texas.  A fee of $65.00 per week is charged for each

attendee of the T.R.U.T.H Camp.  Defendant, Prime Time Association, listed three (3) feeding

sites in its 2011 Summer Food Service Program application, those being Duncanville High

School, The Fieldhouse USA, and Lobias Murry Christian Academy, but only Duncanville High

School and Fieldhouse USA were approved, by Defendant, Texas Department of Agriculture.  In its 2012 Summer Food Service application, only Duncanville High School was proposed and approved.  The Duncanville Independent School District also funded and operated a feeding program to feed children during the summers of 2011 and 2012, which was not Summer Food Service Program federally funded through Defendant, Texas Department of Agriculture. Duncanville High School has two (2) cafeterias: the west cafeteria and the east cafeteria.  The T.R.U.T.H Camp Summer Food Service Program feeding site was in the West cafeteria at the same time the Duncanville High School was serving free breakfast and lunch meals to children in the east cafeteria.  The Duncanville Independent School District, feeding program was open to all children who were 18 years and younger.  The Summer Food Service Program participation conducted by Defendant, Deion L. Sanders, Jennifer Young, and Defendant, Prime Time Association, was open only to T.R.U.T.H Camp attendees.  Therefore, the 2011 and 2012 Summer Food Service Program funded the provision of food and facilities for the T.R.U.T.H Camp which charged 65.00 per week per child to attend the for-profit camp.  When some parents complained about what they considered excessive fees for the T.R.U.T.H Camp, Defendant, Deion L. Sanders, tweeted on June 13, 2012, "Where can you get academics + athletics taught by some of the best, 3 meals, bus transportation, discipline n excellence for $65.00 a week? TRUTH."

83.    Defendant, Deion L. Sanders, and Defendant, Prime Time Association, have not advertised and publicized free meals for children, as required by the Summer Food Service Program, who are not involved in the T.R.U.T.H Camp at Duncanville High School, in Duncanville Texas.  Defendant, Deion L. Sanders, Jennifer Young, and Defendant, Prime Time Association, conducted the T.R.U.T.H Camp for profit, and attempted to mask their wrongful

activities by associating Prime Time Association with the Duncanville Independent School District's independently funded and administered program to feed children during the summer at the Duncanville High School.  In its 2011 and 2012 Summer Food Service Program applications, Defendant, Prime Time Association, listed Cathy Self-Morgan as its "Contracting Entity Contact" for the Duncanville High School feeding site. Cathy Self-Morgan, who is the Athletic Director for the Duncanville Independent School District, and the head girls' basketball coach at Duncanville High School, is not associated with the contracting entity, Prime Time Association. Cathy Self-Morgan has since made it very clear, through email communications, that "We do not have anything to do with the Prime Time Association meals (except to rent our DHS West cafeteria)."  The actual person in charge of "Food Operations" at the Duncanville High School West Cafeteria feeding site for Defendant, Prime Time Association was Jennifer Young, who stated in email to Relator that only lunch was served at that site. Defendant, Prime Time Association, Defendant, Deion L. Sanders, and Reginald Calhoun, requested reimbursement for and was paid by Defendant, Texas Department of Agriculture, for breakfast, lunch, and a PM Snack for June and July in 2012.

84.     In the years 2011 and 2012, Defendant, Deion L. Sanders, Jennifer Young, and Defendant, Prime Time Association, the T.R.U.T.H Camp started on June 11, which is the same start date of the Summer Food Service Program administered by Defendant, Texas Department of Agriculture, and ended on July 27, just prior to the practice period for the Dallas Select League, which is a youth football program in which Defendant, Deion L. Sanders, and Defendant, Prime Time Association fielded eight (8) teams until they were expelled from the Dallas Select League near the end of the 2010 season.

85.     Relator-Plaintiff was a volunteer with the 2009 T.R.U.T.H Camp at Defendant, Life School of Dallas, and has personal knowledge that the food for the meals fed to the T.R.U.T.H Camp attendees was donated by PepsiCo/Frito Lay.  Likewise, Relator-Plaintiff has discovered that PepsiCo/Frito Lay continued to donate food in 2012 to Defendant, Prime Time Association, and Defendant, Uplift Fort Worth CDC.  No donations from PepsiCo/Frito Lay were disclosed in the 2011 and 2012 Summer Food Service Program applications filed by Defendant, Prime Time Association, and Defendant, Uplift Fort Worth CDC.  Defendant, Prime Time Association, Defendant, Deion L. Sanders, and Defendant, Chazma Jones, made claim for reimbursement for all alleged expenditures, including operating costs, and administrative costs relative to the 2011 Summer Food Service Program in the total amount of $104,914.49.  During the 2012 Summer Food Service Program, Defendant, Prime Time Association, Defendant, Deion L. Sanders, and Defendant, Chazma Jones, submitted claims for reimbursement for operating cost reimbursement for meals served in the 2012 Summer Food Service Program in the amount of $94,082.74.  Defendant, Prime Time Association, Defendant, Deion L. Sanders, and Defendant, Chazma Jones, made requests for operational costs reimbursement for the period from June 11, 2012, to June 30, 2012, alleging 7,626 lunches served, which calculates to 508.4 lunches per day for 15 days of T.R.U.T.H Camp.  Defendant, Prime Time Association, requests for operational costs reimbursement for the period from July 1, 2012, to July 31, 2012, cited 5,784 lunches served, which calculate to only 262.9 lunches per day for 22 days of T.R.U.T.H Camp.  The same disproportionate accounting is reflected in the requests for reimbursement for breakfasts, snacks, and supper.

86.     Defendant, Deion L. Sanders, Defendant, Prime Time Association, Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, Defendant, Uplift Fort Worth, and Defendant, Chazma

Jones, have committed similar wrongful conduct in the State of Georgia.  Defendant, Deion L. Sanders, Defendant, Prime Time Association, and Defendant, Chazma Jones, also conduct a T.R.U.T.H Camp in Atlanta, Georgia.  On or about May 27, 2012, said Defendants issued a press release through TRUTH SPORTS – ATLANTA | PRIME TIME ASSOCIATION INFORMATION SITE under the title "The State of Georgia Teams up With Deion L. Sanders to Feed Our Children."  The press release states that Defendant, Deion L. Sanders, has teamed up with the Summer Food Program to provide nutritional substance to children ages 1 – 18. Defendant, Deion L. Sanders, relates the information through an entity referred to as "Feed Me Prime" claimed to be a subsidiary of Prime Time Association.  As he did in the State of Texas, Defendant, Deion L. Sanders, claims that he will feed 100,000 children in Atlanta, Georgia, during the summer.  Relator-Plaintiff has discovered that the State of Georgia does not have a Summer Food Service Program.  However, the schools in Atlanta, Georgia, do provide free meals to children during the summer, similar to Duncanville High School's summer free breakfast and lunch program described above.  Defendant, Deion L. Sanders, Defendant, Prime Time Association, Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, Defendant, Uplift Fort Worth, and Defendant, Chazma Jones, have alleged a partnership between themselves and the State of Georgia.  However, the State of Georgia does not have a Summer Food Service Program, so it could not and did not partner with Feed Me Prime or Prime Time Association to feed 100,000 children "each and every day" in Atlanta, Georgia.  He could, however, divert federal funds administered through the Texas Department of Agriculture's, Summer Food Service Program to feed children attending his T.R.U.T.H Camp in Atlanta, Georgia, and claim reimbursement for those meals.

DEFENDANT, UPLIFT FORT WORTH'S WRONGFUL USE OF
FEDERAL FUNDS IN THE 2012 SUMMER FOOD SERVICE PROGRAM

**Mixing of Feeding Site and For-Profit Endeavor:**

87.     Defendant, Texas Department of Agriculture, approved Defendant, Charity Church, as a feeding site in Fort Worth, Texas for Defendant, Uplift Fort Worth's 2012 Summer Food Service Program.  Defendant, Uplift Fort Worth, an alleged non-profit entity, and its Executive Director, Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, in conjunction with its charter school, Prime Prep Academy, used the Charity Church feeding site as an enticement and inducement to enroll students in its Summer Enrichment Camp, a for-profit endeavor, which was also conducted on the premises of Defendant, Charity Church, at the same dates and times as the Summer Food Service Program.  More specifically, Defendant, Uplift Fort Worth, an alleged non-profit entity, and its Executive Director, Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, advertised that Prime Prep Academy was conducting a Summer Enrichment Camp at 4400 Panola Avenue, Fort Worth, Texas, which is the same premises of Defendant, Charity Church.  It was advertised that the tuition for the Summer Enrichment Camp was $35.00 per week per child, and that Prime Prep Academy students would only be charged $20.00 per week. It was also advertised that the tuition included two (2) nutritious meals each day, as well as the following activities: "Academic Assessments, Tutorial Programs, Etiquette Training, Leadership courses, Mathematics Training, Reading Programs, Dance Programs, and much more."

88.     Relator-Plaintiff has personal knowledge that PepsiCo/Frito Lay had previously donated food to various endeavors conducted by Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, and Defendant, Deion L. Sanders, in the past.  Relator-Plaintiff has discovered that food was provided by PepsiCo / Frito Lay for at least one approved feeding site at C. F. Carr Elementary, in Dallas, Texas, and that that feeding site was in conjunction with other non-profit

organizations such as Readers to Leaders.  No donations from PepsiCo/Frito Lay were disclosed in the 2011 and 2012 Summer Food Service Program applications filed by Defendant, Uplift Fort Worth.  It has now been established that PepsiCo/Frito Lay was actually a vendor, but the funds paid by Defendant, Texas Department of Agriculture (Reimbursement to Defendant, Uplift Fort Worth, CDC) were not used to pay for the meals provided by PepsiCo/Frito Lay.  In fact, $310,000.00 was owed to PepsiCo/Frito Lay, and only $50,000.00 was paid to PepsiCo/Frito Lay.  Plaintiff-Relator had alerted the United States Department of Agriculture, Office of Inspector General that the assets claimed by Defendant, Uplift Fort Worth, CDC, did not exist. This fact was admitted in Defendant, Uplift Fort Worth, CDC's, Sixteenth Generation Charter School Application, which had previously filed with the Texas Education Agency February 22, 2011.  Therefore, out of the $310,000.00 paid to Defendant, Uplift Fort Worth, CDC, as reimbursement for food costs, only $50.000.00 was paid to the vendor, PepsiCo/Frito Lay. Notwithstanding the fact that it was established that Defendant, Uplift Fort Worth, CDC, had no assets, it still falsely claimed that it had assets in the Summer Food Services Program application which was filed on March 16, 2011.

89.     As described in paragraph 76 above, considering the extreme lack of documentation of expenditures as explained in the Audit Report of Horne, LLP described above in paragraph 76 it is established that Defendant, Uplift Fort Worth, and its Executive Director, Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, and it its Assistant Executive Director, Defendant Chazma Jones, have diverted federal funds from the Summer Food Service Programs and the National School Lunch Program to their own use.

90.     Defendant, Uplift Fort Worth, CDC and its Executive Director, Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, and its Assistant Executive Director, Defendant Chazma

Jones, made claim for reimbursement for all alleged expenditures, including operating costs, and administrative costs relative to the 2011 Summer Food Service Program in the total amount of $600,189.34.  During the 2012 Summer Food Service Program, Defendant, Uplift Fort Worth, and its Executive Director, Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, and it its Assistant Executive Director, Defendant Chazma Jones, submitted claims for reimbursement for operating cost reimbursement for meals served in the 2012 Summer Food Service Program in the amount of $222,774.91, after submitting a proposed budget which was originally approved by Defendant, Texas Department of Agriculture, in the amount of $1,301.975.00.  Defendant, Uplift Fort Worth, and its Executive Director, Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, and it its Assistant Executive Director, Defendant Chazma Jones, made requests for operational costs reimbursement for the period from June 04, 2012, to June 30, 2012, cited 34,748 Breakfast served and 46,211 Lunch served, which calculate to 1,737.4 breakfasts and 2,310.55 lunches served per day for 20 days at the Summer Enrichment Camp.  The same disproportionate accounting is reflected in the requests for reimbursement for breakfasts, snacks, and supper.

## JURY DEMAND

Plaintiffs demand trial by jury on all claims.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray for judgment against Defendants as follows:

a.      That Defendants be found to have violated the federal False Claims Act, 31 U.S.C. §3729-32, as alleged in Count I and Count II hereinabove, and be enjoined from future violations of said statute.

b.      That this Court enter judgment against Defendants in an amount equal to three (3) times the amount of damages the United States Government has sustained because of Defendants' false or fraudulent claims, plus the maximum civil penalty for each violation of 31 U.S.C. §3729;

c.      That Plaintiffs be awarded the maximum amount allowed pursuant to 31 U.S.C. §3730(d), and all relief to which they are entitled pursuant to 31 U.S.C.§3730(h) of the False Claims Act;

d.      That Plaintiffs be awarded all costs of this action, including expert witness fees, attorneys' fees, and court costs; and

e.      That Plaintiffs recover such other relief as the Court deems just and proper.

Respectfully submitted,

DON R. STEWART, ATTORNEY AT LAW
200 East Main Street
Arlington, Texas 76010-1126
Telephone:(817) 548-9200
Facsimile:(817) 548-9210
don@donstewartlaw.com


BY: _____
Don R. Stewart
SBN: 19206700
Attorney for Relator, Lawrence M. Smith


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiff's Status Report was mailed via regular mail on this 8th day of January, 2014 to Clay R. Mahaffey, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, Northern District of Texas, Burnett Plaza, 17th Floor, 801 Cherry St., Unit 4, Fort Worth, TX 761902-6882.


_____
Don R. Stewart, Attorney for Plaintiff ex rel