IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICAN ex rel, <br> LAWRENCE M. SMITH, <br> *Plaintiffs* <br><br> v. <br><br> DEION L. SANDERS, INDIVIDUALLY, and <br> DAMIEN LAMARC WALLACE A/K/A <br> D.L. WALLACE, INDIVIDUALLY, and <br> FREDERICK R. MAYS, INDIVIDUALLY, and <br> CHAZMA JONES, INDIVIDUALLY, and <br> UPLIFT FORT WORTH, CDC, <br> INDIVIDUALLY, and <br> CHARITY CHURCH, INDIVIDUALLY, and <br> PRIME TIME ASSOCIATION, <br> INDIVIDUALLY, and <br> TEXAS DEPARTMENT OF AGRICULTURE, <br> INDIVIDUALLY, and <br> JANE DOE AND JOHN DOE, <br> *Defendants* | § § § § § § § § § § § § § § § § § § § § § § | <br><br><br><br><br><br><br><br><br> CAUSE NO. 3:12-cv4377-M <br><br><br><br><br><br><br><br><br><br> JURY TRIAL DEMANDED |

**DEFENDANT TEXAS DEPARTMENT OF AGRICULTURE'S MOTION TO DISMISS
PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(B)(6)**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, Texas Department of Agriculture ("TDA" or "Defendant"), files this motion to dismiss the suit of Plaintiff United States of American ex rel, Lawrence M. Smith for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted, as authorized by Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

**I. INTRODUCTION**

1. Plaintiff is Lawrence M. Smith ("Smith" or "Plaintiff"); the other Defendants are Dion L. Sanders, Individually, Damien Lamarc Wallace, a/k/a D.L. Wallace, Individually, Frederick

R. Mays, Individually, Chazma Jones, Individually, Uplift Fort Worth, CDC, Individually, Charity Church, Individually, Prime Time Association, Individually, and Jane Doe and John Doe (collectively "Co-defendants"). Plaintiff sued TDA and its co-defendants in a *qui tam* action under the False Claims Act; 31 U.S.C. §§ 3729-3730.

2. In his complaint, Plaintiff alleged that TDA failed to reasonably investigate the credibility of Damien Lamarc Wallace, Deion L. Sanders, and their respective non-profit organizations when dispersing funds from the Summer Food Service Program and the National School Lunch Program. (*See* Doc. 13, Plaintiff's First Amended Original Complaint).

3. TDA files this motion to dismiss Plaintiff's suit for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted, as authorized by Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Here, as matter of settled law, TDA and the State of Texas are not a "person" subject to liability under the False Claims Act.

## II. ARGUMENT

**A.     Plaintiff Fails to State a Claim Upon Which Relief Can Be Granted.**

4. A court has authority to dismiss a suit for failure to state a claim upon which relief can be granted if the complaint does not state factual allegations showing that the right to relief is plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 55-556 (2007). Under the False Claims Act, 31 U.S.C. § 3729: any person who--

> (A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;
> (B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim;
> (C) conspires to commit a violation of subparagraph (A), (B), (D), (E), (F), or (G);
> (D) has possession, custody, or control of property or money used, or to be used, by the Government and knowingly delivers, or causes to be delivered, less than all of

that money or property;

(E) is authorized to make or deliver a document certifying receipt of property used, or to be used, by the Government and, intending to defraud the Government, makes or delivers the receipt without completely knowing that the information on the receipt is true;

(F) knowingly buys, or receives as a pledge of an obligation or debt, public property from an officer or employee of the Government, or a member of the Armed Forces, who lawfully may not sell or pledge property; or

(G) knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government, is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1990 (28 U.S.C. 2461 note; Public Law 104-410 plus 3 times the amount of damages which the Government sustains because of the act of that person.

5. In *Vt. Agency of Natural Resources v. U.S. ex rel.,* 529 U.S. 765, 787 (2000), the U.S. Supreme Court ruled that the neither the State nor a state agency qualify as a "person" for the purposes of *qui tam* liability. TDA is a Texas state agency, which was formed by the Texas Legislature to support and preserve the agricultural industry of Texas. TDA's enabling statutes are found in the Texas Agriculture Code - TEX.AGRIC.CODE ANN. § 1.001, *et seq.* (Vernon 2004). Thus, pursuant to *Vt. Agency of Natural Resources v. U.S. ex rel.* above, Plaintiff has failed to state a claim upon which relief can be granted against TDA because TDA does not qualify as a "person" under the False Claims Act.

**B.     Plaintiff Claim Is Barred by Sovereign Immunity and the 11th Amendment.**

6. Even if TDA was a "person" under the False Claims Act, Plaintiff's *qui tam* claim is barred under the doctrine of sovereign immunity and the Eleventh Amendment. *U.S. v. Texas Tech University,* 171 F.3d 279, 294 (C.A. 5 (Tex.) 1999) ("...the Eleventh Amendment bars *qui tam* plaintiffs from instituting suits against the sovereign states in federal court."); *Bly-*

*Magee v. California*, 236 F. 3d 1014, 1017 (9th Cir. 2001) ("First, states and state agencies enjoy sovereign immunity under the FCA. Bly–Magee's claims against the State of California, the CDR, the OAG, and any state agency that Bly–Magee might sue as a Doe defendant are necessarily barred by Vermont." (citations omitted)); U.*S. ex rel. King v. University of Texas Health Science,* 2013 WL 5881083 at 9 (C.A. 5 (Tex.)) ("We apply our finding that UTHSCH is an arm of the state and hold that sovereign immunity bars [plaintiff's] claim for monetary relief under the FCA's anti-retaliation provision."); *Lane v. Texas Dept of Health*, 2003 WL 21750608 (Tex. App. 2003) at 5 ("...the United States Supreme Court held that a state bears no *qui tam* liability under the FCA by virtue of sovereign immunity. Also, even if individual state officials or employees are sued in their individual capacities, no FCA liability arises unless there is evidence that the official or employee converted the federal funds or property to their own personal use or benefit."). Therefore, Plaintiff *qui tam* claim against the TDA must be dismissed because TDA is a state agency with sovereign immunity against *qui tam* claims under the False Claims Act.

## C. CONCLUSION

7.   For these reasons, defendant asks the Court to grant TDA's motion to dismiss Plaintiff's suit for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted, as authorized by Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

    Respectfully submitted,

    **GREG ABBOTT**
    Attorney General of Texas

    **DANIEL T. HODGE**
    First Assistant Attorney General

**DAVID C. MATTAX**
Deputy Attorney General for Defense Litigation

**JAMES "BEAU" ECCLES**
Chief, General Litigation Division


/s/ Frank A. King
**FRANK A. KING**
*Assistant Attorney General*
Texas Bar No. 00794091
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711
Phone: (512) 475-4083
Fax: (512) 320-0667
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been filed via CM/EDF electronic filing and U.S. First Class Mail on this the 14th day of February, 2014, to:

Don R. Stewart
ATTORNEY AT LAW
200 East Main Street
Arlington, Texas 76010-1126

/s/ Frank A. King
**FRANK A. KING**
Assistant Attorney General