# UNITED STATES DISTRICT COURT
### for the
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel, LAWRENCE M. SMITH, **Plaintiffs** | § § § § | |
| v. | § § | CIVIL ACTION NO. 3:12-cv4377-M |
| DEION L. SANDERS, INDIVIDUALLY, and DAMIEN LAMARC WALLACE A/K/A D. L. WALLACE, INDIVIDUALLY and FREDERICK R. MAYS. INDIVIDUALLY, and CHAZMA JONES, INDIVIDUALLY, and UPLIFT FORT WORTH, CDC, INDIVIDUALLY and CHARITY CHURCH, INDIVIDUALLY, and PRIME TIME ASSOCIATION, INDIVIDUALLY and TEXAS DEPARTMENT OF AGRICULTURE, INDIVIDUALLY, and JANE DOE AND JOHN DOE **Defendants,** | § § § § § § § § § § § § § § § § § § § § § § § | JURY TRAIL DEMANDED |

## RELATOR, LAWRENCE SMITH'S, RESPONSE TO DEFENDANT, TEXAS DEPARTMENT OF ACRICULTURE'S, MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

Relator, Lawrence M. Smith, files this response to Defendant, Texas Department of Agriculture's, Motion to Dismiss filed in this cause pursuant to Rule 12(b)(1) and Rule 12(b)(6), *Federal rules of civil Procedure*, and would respectfully show unto the Court the following:

## I.  INTRODUCTION

1.1    Relator, Lawrence M. Smith, filed the above numbered and styled cause against Defendants, Deion L. Sanders, Damien Lamarc Wallace a/k/a D. L. Wallace, Fredrick R. Mays, Chazma Jones, Uplift Fort Worth, CDC, Charity Church, Prime Time Association, Texas Department of Agriculture and Jane Doe and John Doe in this *Qui tam* under the False Claims Act, 31 U.S.C. §§ 3729-3730.

1.2    Plaintiff alleged in considerable detail the wrongful conduct of the various Defendants, and that the named individual Defendants in this cause were conspiring to make and actually making false claims, as described in the False Claims Act, §3729 (a), to wrongfully obtain federal funds relative to the Summer Food Services Program and the National School Lunch Program, both of which were administered by and through Defendant, Texas Department of Agriculture.   When Relator discovered that Defendant, Texas Department of Agriculture's, wrongful conduct in failing to reasonably vet Defendants, Deion L. Sanders, Prime Time Association, Damien Lamarc Wallace a/k/a D. L. Wallace, and Uplift Fort Worth, CDC, was enabling said individual defendants to wrongfully obtain federal funds, Relator made a complaint to the United States Department of Agriculture, which resulted in an independent audit being made that ultimately revealed that said individual Defendants were not properly vetted. Defendant, Deion L. Sanders, was the named spokesperson for the 2011 Summer Food Services Program, and Defendant, Texas Department of Agriculture, did not order, request, or perform an

audit of any kind to determine the propriety of Defendant, Deion L. Sanders's activities relative to the 2011 Summer Food Services Program.

1.3    The United States Attorney General has declined to intervene in this cause.

1.4    Defendant, Texas Department of Agriculture has made motion to dismiss this cause, relying on Rule 12 (b)(1) and Rule 12 (b)(6), *Federal Rules of Civil Procedure*, claiming that Relator has failed to state a claim because the Texas Department of Agriculture is allegedly not liable in this cause because it is not a "person" subject to liability under the False Claims Act, and that Relator's action is allegedly barred by Sovereign Immunity and the 11th Amendment.

## II. AGRUMENT – STATEMENT OF CLAIM

2.1    Relator's First Amended Complaint clearly states in great detail specific and credible factual allegations showing that the right to relief is plausible.   The False Claims Act, 31 U.S.C. §§ 3729 to 3733, provides, in pertinent part, that: Any person who (1) knowingly presents, or causes to be presented, to an officer or employee of the United States Government, a false or fraudulent claim for payment or approval; (2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government; (3) conspires to defraud the Government by getting a false or fraudulent claim paid or approved by the Government; or (7) knowingly makes, uses or causes to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Government, is liable to the United State Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages which the Government sustains because of the act of that person ... (b) For purposes of this section, the terms "knowing" and "knowingly" mean that a person, with respect to information (1) has actual knowledge of the information; (2) acts in deliberate ignorance of the truth or falsity of the

information; or (3) acts in reckless disregard of the truth or falsity of the information, and no proof of specific intent to defraud is required. 31 U.S.C.§ 3729.   Defendants, including Defendant, Texas Department of Agriculture, have jointly and severely committed blatant wrongful and fraudulent acts and omissions that are in violation of the False Claims Act, as described in great detail in Relator's First Amended Complaint.

2.2     Defendant relies on *Vt. Agency of Natural Resources v. U.S. ex rel*, 529 U.S. 765, 787 (2000), falsely alleging that the U.S. Supreme Court "ruled that the neither the State nor a state agency qualify as a "person" for the purposes of qui tam liability."   Actually Justice Scalia's opinion provides in footnote number 18 that "Although the dissent concludes that States can be 'Persons" for purposes of commencing an FCA qui tam action under 3730 (b), we need not resolve that question here, and therefore leave it open."   The cited case decision was rendered and written in year 2000.   Justice Scalia's opinion discusses at great length the developmental history of the qui tam action.   The opinion also acknowledges that §3733(l)(4) provides that "the term "person" means any natural person, partnership, corporation, association, or other legal entity, including any State or political subdivision of a State."   The United States Congress made it abundantly clear that the term "person" did include a State or political subdivision of a State. Justice Scalia noted that the definition of "person" was not mentioned in §3729(b)-(c).   It should be noted that the provisions in §3729(b)-(c) were stricken in the May 20, 2009 amendment, by the enactment the Fraud Enforcement and Recovery Act of 2009, 18 USC1, otherwise referred to as Public Law 111-21, 111 Congress, and replaced with the provisions stated in numbered paragraph 2.1 above.   Therefore, the apparent basis of Justice Scalia's issue with the lack of "person" being repeatedly defined in §3729 (b)-(c) can no longer support the ultimate ruling in that case.   By its specific striking of §3729 (b)-(c) amendment the U.S. Congress has made its

intent to include a State or political subdivision thereof liable as a *qui tam* defendant abundantly clear.

### III. ARGUMENT – SOVERIEGN IMMUNITY AND THE 11TH AMENDMENT

3.1    As stated above in numbered paragraph 2.2, the U.S. Congress has made it abundantly clear that it intended to specifically include States and their political subdivisions as "persons" within the meaning of "person relative to qui tam liability.   Therefore, Sovereign Immunity does not apply.   The 11th amendment provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commended or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any foreign State." Relator is a Citizen of the State of Texas which is the same State of which Defendant, Texas Department of Agriculture, is a political subdivision.   Therefore, the 11th Amendment does not provide immunity or protection to Defendant, Texas Department of Agriculture.

3.2    The Fraud Enforcement and Recovery Act of 2009, 18 USC 1, is an amendment to the False Claim Acts of `1986.   In Section 3732 of Title 31 United States Code, SERVICE ON STATE OR LOCAL AUTHORITIES. Provides: "With respect to any State or local government that is named as a co-plaintiff with the United States in an action brought under subsection (b), a seal on the action ordered by the court under section 3730 (b) shall not preclude the Government or person bringing the action from serving the complaint, any other pleadings, or the written disclosure of substantially all material evidence and information possessed by the person bringing the action on the law enforcement authorities that are authorized under the law of that State or local government to investigate and prosecute such actions on behalf of such governments, except that such seal applies to the law enforcement authorities so served to the same extent as the seal applies to other parties in the action."   The new amendment provides that

a State can be a Co-Plaintiff, but does not preclude the State from being a defendant.   Rule 13, *Federal Rules of Civil Procedure*, provides that counterclaims do not expand the right to assert a counterclaim against the United States, but does not preclude a cross-claim against co-party. Therefore, if a State is a Co-Plaintiff, it could be a Cross-Defendant.   Even prior to the 2009 amendment of the False Claims Act, Sovereign Immunity was not absolute.   Because the United States is a Superior Sovereign it may need to bring suit against a State from time to time. In a Federal District Court case, *West Virginia v. United States*, 479 U.S. 305; 107 S. Ct.702; 93 l.Ed.2d 639 (1987), a State was held liable for prejudgment interest due to the United States on contract theory.   Similarly, the United States should be able to recover its damages from a State resulting from the State's wrongful conduct in administering the Summer food Services Program and the National School Lunch Program, and its failure to recover all of the federal funds wrongfully obtained by the contracting entity relative to the 2011 Summer Food Service Program and the National School Lunch Program.

3.3    The issue of 11th Amendment protection for a State is not resolved or clear at this time. Justice Scalia wrote at the end of his opinion in *Vt. Agency of Natural Resources v. U.S.* "We of course express no view on the question whether an action in federal court by a *qui tam* relator against a State would run afoul of the Eleventh Amendment, but we note that there is a 'serious doubt' on that score.   That case did not ultimately speak to the issues of Sovereign Immunity, 11th Amendment protection, and whether a State of political subdivision thereof is a "person" under the False Claims Act., and that case was prior to the 2009 amendment as explained above.

## IV. CONCLUSIION

4.1    The theories which form the basis of Defendant, Texas Department of Agriculture, are unsound and unresolved by the case law and rationale tendered for consideration.   Therefore,

Relator requests that this Court, in all things, deny the Motion to Dismiss filed by Defendant, Texas Department of Agriculture.

Respectfully submitted,

By: _____

Don R. Stewart
Texas Bar No. 19206700
200 EAST MAIN STREET
ARLINGTON, TEXAS   76010
Tel. (817) 548-9200
Fax. (817) 548-9210
Attorney for Plaintiff
Lawrence Smith

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Relator's Motion to Dismiss Response was mailed via First Class Mail on this 7th day of March, 2014 to:

Clay R. Mahaffey, Assistant United States Attorney
UNITED STATES ATTORNEY'S OFFICE
Northern District of Texas, Burnett Plaza, 17th Floor
801 Cherry St., Unit 4
Fort Worth, TX 761902-6882

and

Frank A. King
Texas Office of the Attorney General
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711

_____
Don R. Stewart, Attorney for Plaintiff ex rel