**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| LAWRENCE M. SMITH, and UNITED STATES OF AMERICA, *ex rel* | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:12-CV-4377-M |
| DEION L. SANDERS, *Individually*, ET AL., | § § § | |
| Defendants. | § | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the standing order of reference dated June 8, 2015 (doc. 126), this case was referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court are the *Plaintiffs' Motion[s] for Default Judgment*, filed July 5, 2016 (docs. 161, 162, 163 and 164). Based on the relevant filings and applicable law, the motions should be **DENIED**.

**I. BACKGROUND**

On August 7, 2013, Lawrence Smith (Plaintiff), on behalf of the United States of America, filed suit against several defendants, including Damien Lamarc Wallace, Chazma Jones, Frederick Mays, and Charity Church (Defendants), for violations of the False Claims Act, 21 U.S.C.A. §§ 3729-3730 (the Act), in *Smith et. al. v. Wallace et. al.*, 3:13-CV-3106-M (the Related Action). (*See* doc. 2, Related Action.)[1] He alleges that all the defendants made false and fraudulent statements and claims to obtain payment and approval under the federally funded No Child Left Behind Public Charter School Start-Up Grant, and that as a result, they received large

---

[1] The Related Action was consolidated with this action on May 27, 2015. (doc. 46, Related Action.)

sums of money through the Texas Education Agency that administered the program in Texas. (doc. 2 at 4-6, Related Action.)

On January 20, 2015, Plaintiff filed a first amended complaint, and the Clerk of Court issued summonses for Defendants on that date. (docs. 15-17, Related Action.) Plaintiff filed signed waivers of service of summons for Defendants on February 19, 2015, and his docket entry states that the waivers were sent on February 5, 2015. (*See* doc. 21, Related Action.) On April 7, 2015, Plaintiff requested entry of default on grounds that Defendants had not answered within 60 days from the date the waivers were sent, and the Clerk of Court entered default against Defendants on that same day. (docs. 29, 30, Related Action.) Plaintiff moved for default judgment against Defendants on April 9, 2015. (docs. 31, Related Action.)

Defendants filed motions to dismiss on April 10, 2015. (docs. 32, 34, Related Action.) All Defendants responded to the motions for default judgment on April 13, 2015. (doc. 36, Related Action.)[2] Defendants provide evidence that Plaintiff asked their attorney via emails dated January 21, 2015 and February 3, 2015, if they would waive service; that their attorney agreed by email on February 5, 2015 to execute waivers and requested the forms; and that Plaintiff did not actually send copies of the waiver forms to their attorney until February 8 and February 10, 2015. (doc. 170-1 at 6-15.)[3] Plaintiff's reply concedes that counsel sent waiver

---

[2]The Related Action was consolidated with this action while the motions were pending. Plaintiff re-filed the motions for default judgment in this case. (*See* docs. 161-64.)

[3]Plaintiff's reply brief exceeds the page limit in with Local Civil Rule 7.2(c) of the Local Civil Rules for the Northern District of Texas and attaches evidence in support without leave of Court. The purpose of filing a reply brief "is to rebut the nonmovant's response, thereby persuading the court that the movant is entitled to the relief requested by the motion." *See Springs Indus., Inc. v. American Motorists Ins. Co.*, 137 F.R.D. 238, 239-40 (N.D. Tex. 1991). A movant is not ordinarily permitted to introduce new evidence in support of a reply because

forms by email on February 8, 2015, and February 10, 2015, and he also claims that he mailed copies of the forms for all four Defendants on February 9, 2015. (*See* doc. 179 at 4.)

## II. DEFAULT JUDGMENT

Plaintiff moves for default judgment under Fed. R. Civ. P. 55. (*See* doc. 84.)

Rule 55 sets forth the conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. There is a three-step process for securing a default judgment. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a party "has failed to plead or otherwise defend" against an action. FED. R. CIV. P. 55(a). Next, an entry of default must be entered by the clerk when the default is established "by affidavit or otherwise." *See id.*; *NewYork Life Ins. Co.*, 84 F.3d at 141. Third, a party may apply to the clerk or the court for a default judgment after an entry of default. FED. R. CIV. P. 55(b); *New York Life Ins. Co.*, 84 F.3d at 141.

Here, Plaintiff obtained entry of default by alleging that Defendants had failed to plead or otherwise defend by April 6, 2015, which was the sixtieth day after the date that Defendants' attorney agreed to waive service, February 5, 2015. (*See* doc. 29, Related Action.) As his reply in this case concedes, however, he did not actually send counsel waiver forms until February 8, 9, and 10, 2015. (*See* doc. 179 at 4.) Rule 4(d)(1)(C) requires that copies of the waiver forms be included with the notice and request, so his January 21 and February 5 notices and requests for waiver of service admittedly did not comply with Rule 4(d)(1). Because Defendants' counsel

---

such action deprives the non-movant of a meaningful opportunity to respond. *See id.* Because Defendants did not have a meaningful opportunity to respond to the exhibits attached to Plaintiff's reply, they are not considered. *See id.* at 240 ("[W]here a movant has injected new evidentiary materials in a reply without affording the non-movant an opportunity for further response, the court [ ] retains the discretion to decline to consider them.").

agreed to accept the waiver forms as notice and request despite Plaintiff's failure to comply with the other requirements of Rule 4(d)(1), the sixty-day period for Charity Church, Jones and Wallace to answer did not begin running until February 8, 2015. The sixty-day period for Mays began at the earliest on February 9, 2015, when copies of the forms were allegedly mailed. The sixtieth day from February 8, 2015, is April 9, 2015. Rule 6(d) applies because the notice and requests were served by email, however, so those Defendants received an additional three days to answer, until April 12, 2015. *See Jones v. Parra*, No. 2:12-CV-12541, 2013 WL 1800393, at *7 (E.D. Mich. Apr. 4, 2013) (applying Rule 6(d) to 60-day time period in Rule 4(d)(3)). Accordingly, all Defendants timely appeared and defended the action by filing motions to dismiss on April 10, 2015. *See Rogers v. Barnhart*, 365 F.Supp.2d 803, 808 (S.D. Tex. 2004) (citing *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 277 (5th Cir. 1989) ("the filing of a motion to dismiss is normally considered to constitute an appearance")).

"[A] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)). "In fact, '[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Lewis*, 236 F.3d at 767 (quoting *Sun Bank*, 874 F.2d at 276). Default judgment "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Mason & Hanger–Silas Mason Co., Inc. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984) (per curiam). The decision to enter a judgment by default is discretionary. *Stelax Indus., Ltd. v. Donahue*, No. 3:03-CV-923-M, 2004 WL 733844, at *11 (N.D. Tex. Mar. 25, 2004).

    Defendants did not fail to meet a procedural time requirement.  Plaintiff obtained entry of default against them by representing to the Court that he had sent each one a notice and request for waiver on February 5, 2015, although he had failed to comply with the requirements of Rule 4(d)(1) by that date.[4]  Even assuming for purposes of this motion that Rule 6(d) does not apply to extend the sixty-day time period by three days, three of Defendants' motions to dismiss would have been late by one day, and Mays' motion would still be timely.  Defendants note that Plaintiff did not serve them with his requests for entry of default or default judgment, and they have vigorously defended this action since the filing of their motions to dismiss.  Under these circumstances, exercise of the discretion to enter default judgment is absolutely not warranted.

### III.  RECOMMENDATION

    Plaintiff's motions for default judgment should be **DENIED**.

    **SO RECOMMENDED**, this 12th day of August, 2016.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[4]Defendants request attorneys' fees for responding to the motions for default judgment under Local Civil Rule 83.8(b).  (*See* doc. 170 at 4.)  That rule does not provide a basis for an award of attorneys' fees, however.

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE