**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| LAWRENCE M. SMITH, and UNITED STATES OF AMERICA, *ex rel* | § § § | |
| Plaintiffs, | § § § | |
| v. | § § | Civil Action No. 3:12-CV-4377-M |
| DEION L. SANDERS, *Individually*, ET AL., | § § § | |
| Defendants. | § | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the standing order of reference dated June 8, 2015 (doc. 126), this case was referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court are the *Plaintiffs' Motion for Default Judgment*, filed July 5, 2016 (doc. 159), and the *Response to Plaintiff's Motion for Default Judgment and Motion to Set Aside Clerk's Entry of Default,* filed August 5, 2016 (doc. 178). Based on the relevant filings and applicable law, the motion for default judgment should be **DENIED**, and the motion to set aside the clerk's entry of default should be **GRANTED**.

**I. BACKGROUND**

On August 7, 2013, Lawrence Smith (Plaintiff), on behalf of the United States of America, filed suit against several defendants, including Deion Sanders (Defendant), for violations of the False Claims Act, 21 U.S.C.A. §§ 3729-3730 (the Act), in *Smith et. al. v. Wallace et. al.*, 3:13-CV-3106-M (the Related Action). (*See* doc. 2, Related Action.) He alleges that all the defendants made false and fraudulent statements and claims to obtain payment and

approval under the federally funded No Child Left Behind Public Charter School Start-Up Grant, and that as a result, they received large sums of money through the Texas Education Agency that administered the program in Texas. (doc. 2 at 4-6, Related Action.)

On January 20, 2015, Plaintiff filed a first amended complaint, and the Clerk of Court issued summonses for the defendants on that date. (docs. 15-17, Related Action.) Plaintiff filed a signed waiver of service of summons for Defendant on February 4, 2015, and his docket entry states that the waiver was sent on January 21, 2015. (*See* doc. 19, Related Action.) On March 24, 2015, Plaintiff requested entry of default on grounds that Defendant had not answered within 60 days from the date the waiver was sent, and the Clerk of Court entered default against Defendant on that same day. (docs. 26, 27, Related Action.) Plaintiff moved for default judgment against Defendant on March 30, 2015. (doc. 28, Related Action.)

Defendant filed a response to the motion for default judgment, a motion for leave to file an answer, and an answer in the Related Action on April 14, 2015. (docs. 37, 38, 39, Related Action.) While the motions were pending, on May 27, 2015, the Related Action was consolidated with this action and the motions were terminated. (doc. 46, Related Action.) Plaintiff subsequently re-filed the motion in this action on July 5, 2016. (*See* doc. 159.)

After timely obtaining an extension, Defendant filed a response to the motion for default judgment and again moved to set aside the entry of default on August 5, 2016. (docs. 168, 169, 178.) He concedes that Plaintiff sent his attorney a request for waiver of service for the Related Action on January 21, 2015. (*Id.* at 6.) He explains that because he was named as a defendant in two very similar actions at the same time, and Plaintiff filed an amended complaint in other case shortly before his answer in the Related Action was due, his attorney mistakenly thought that

2

Plaintiff had filed an amended complaint in the Related Action, which would have extended the deadline for him to answer in the Related Action. (*Id.* at 8.)

## II. MOTION TO SET ASIDE DEFAULT

Defendant moves to set aside the Clerk's entry of default. (doc. 178.)

Rule 55 sets forth the conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. There is a three-step process for securing a default judgment. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a party "has failed to plead or otherwise defend" against an action. FED. R. CIV. P. 55(a). Next, an entry of default must be entered by the clerk when the default is established "by affidavit or otherwise." *See id.*; *NewYork Life Ins. Co.*, 84 F.3d at 141. Third, a party may apply to the clerk or the court for a default judgment after an entry of default. FED. R. CIV. P. 55(b); *New York Life Ins. Co.*, 84 F.3d at 141.

Under Rule 55(c), courts may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c); *Stelax Indus., Ltd. v. Donahue*, No. 3:03–CV–923–M, 2004 WL 733844, at *10 (N.D. Tex. Mar. 25, 2004). The good cause standard is a liberal one. *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc*., 346 F.3d 552, 563 (5th Cir. 2003). In deciding whether a defendant has shown good cause to set aside entry of default, courts consider the following factors: (1) whether the failure to respond was willful; (2) whether the plaintiff would suffer prejudice if the default was set aside; and (3) whether the defendant has presented a meritorious defense. *Id*.; *see also CJC Holdings, Inc. v. Wright & Lato, Inc*., 979 F.2d 60, 64 (5th Cir. 1992) (holding that the former willful standard should be replaced with "the less subjective excusable neglect standard in the future" when determining whether good cause exists to set aside a default judgment); *iLife*

3

*Techs., Inc. v. ActiveCare, Inc.*, No. 3:12–CV–5161, 2013 WL 1943322, at *1 (N.D. Tex. May 10, 2013) (Lynn, J.); *see also Stevenson v. Verizon Wireless, LLC*, No. 3:08–CV–0168–G, 2009 WL 188188, at *2 & n.* (N.D. Tex. Jan. 27, 2009) ("Before *CJC Holdings* . . . Fifth Circuit law provided that the court should inquire whether the default was 'willful' . . . . However, in *CJC Holdings*, the Fifth Circuit recommended that in all future cases the district court should apply an 'excusable neglect' standard.") (analyzing good cause under Rule 55(c)). These factors are nonexclusive, and another factor often considered by courts is whether the party acted promptly to correct the default. *Effjohn*, 346 F.3d at 563. "The decision to set aside a default decree lies within the sound discretion of the district court." *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985).

**A.** **Willful**

"[A] 'willful' inquiry is whether neglect [was] excusable." *Effjohn*, 346 F.3d at 563 (citing *CJC Holdings*, 979 F.2d at 64). Excusable neglect is an "'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). The term extends to "simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id.* at 388. Excusable neglect has been found to include late filings resulting from "mistake, inadvertence or carelessness . . . ." *Mattress Giant Corp. v. Motor Adver. & Design Inc.*, No. 3:07-CV-1728-D, 2008 WL 898772, at *2 (N.D. Tex. Mar. 31, 2008); *see also UMG Recordings, Inc. v. Landers*, No. 07-1279, 2008 WL 60422, at *2 (W.D. La. Jan. 4, 2008) (excusing defendant's delay in answering the complaint in the absence of evidence that pro se defendant acted intentionally); *In re Waggoner*, No. 05-21523-RLJ-7, 2007 WL 3171740, at *5

(Bankr. N.D. Tex. Oct. 24, 2007) (excusing IRS's delay in answering complaint despite failure to proffer a reason).

Here, Defendant alleges that because Plaintiff sued him in two similar suits involving many of the same parties, and Plaintiff amended his complaint in the other action shortly before his answer was due in the Related Action, his attorney mistakenly thought that the amended complaint had been filed in the Related Action, extending his deadline for filing an answer in the Related Action. (doc. 178 at 8.) This type of mistake or inadvertence falls within the "elastic concept" of the excusable neglect standard, so Defendant's failure to timely respond was not willful.

**B.** **Prejudice**

As stated by the Fifth Circuit, "[t]here is no prejudice to the plaintiff where 'the setting aside of the default has done no harm to plaintiff except to require it to prove its case.' " *Lacy v. SitelCorp*., 227 F.3d 290, 293 (5th Cir. 2000) (quoting *Gen. Tel. Corp. v. Gen. Tel. Answering Serv*., 277 F.2d 919, 921 (5th Cir. 1960)). "[M]ere delay does not alone constitute prejudice." *Id*. "[T]he plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Id.* (quoting *Berthelsen v. Kane*, 907 F.2d 617, 621 (5th Cir. 1990)).

Here, Plaintiff alleges prejudice because of the "great effort ... and expense to respond to" Defendant's motion to set aside the entry of default and Defendant's response to the motion for default judgment. (doc. 180 at 6.) He also contends that Defendant seeks to put him "to the full trial process, which will cause [him] to suffer considerably more time and expense." (*Id.*) Plaintiff has alleged no more harm than the requirement that he prove his case, which he must

5

already do against the non-defaulting defendants, so the Court finds no prejudice.

**C.     Meritorious Defense**

To show a meritorious defense, a defendant "need not prove that it will likely succeed on the merits." *iLife Techs.*, 2013 WL 1943322, at *2 (quoting *Owens–Illinois, Inc. v. T & N Ltd.*, 191 F.R.D. 522, 526 (E.D. Tex. 2000)).  Rather, "[a] defendant's allegations are meritorious if they contain 'even a hint of a suggestion' which, proven at trial, would constitute a complete defense." *J&J Sports Prods., Inc. v. Moso Ventures, Inc*., No. 3:11–CV–1767–N, 2012 WL 3846536, at *2 (N.D. Tex. Aug. 10, 2012), *adopted by* 2012 WL 3846514  (N.D. Tex. Sept. 5, 2012) (citation omitted).  The *Moso Ventures* court found that  "[t]he standard for showing a meritorious defense is not stringent because the likelihood of success is not the measure for the 'absence of meritorious defense' criterion." *Id.* (citing *Keegel v. Key West & Caribbean Trading Co., Inc.*, 627 F.2d 372, 374 (D.C. Cir. 1980)).[1]  Accordingly, it found that an "assertion [in a Federal Communications Act lawsuit] that the subject . . . broadcasts were not shown at [Defendant's establishment]" was "at least an 'obtuse' showing of a meritorious defense. Thus, the 'absence of meritorious defense' criterion [was] lacking." *Id*. (citing *U.S. v. One Parcel of Real Property*, 763 F.2d 181, 183 (5th Cir. 1985)).

---

[1] Some courts have identified a stricter standard for establishing a meritorious defense when considering to set aside a default, i.e., "a fair probability of success on the merits."  *See Heeling Sports Ltd. v. Paskey*, No. 3:07-CV-2123-B, 2008 WL 4566479, at *3 (N.D. Tex. Oct. 10, 2008) (citing *Federal Sav. and Loan Ins. Corp. v. Kroenke*, 858 F.2d 1067, 1069 (5th Cir. 1988) (using the "fair probability of success on the merits" standard in the Rule 60(b) context). *See id*. There appears to be a split in the Fifth Circuit regarding whether the standard for setting aside a default is less stringent than for a default judgment. *Compare CJC Holdings*, 979 F.2d at 63-64 n. 1 (suggesting without deciding that standards for setting aside entry of default and default judgment may be the same) *with United States v. One Parcel of Real Property*, 763 F.2d 181, 183 (5th Cir. 1985) (stating that "the standard for setting aside a default decree is less rigorous than setting aside a judgment for excusable neglect."). Based on the rule that "one panel may not overrule the decision-right or wrong-of a prior panel, absent en banc reconsideration or a superseding contrary decision of the Supreme Court," *In re Dyke*, 943 F.2d 1435, 1442 (5th Cir. 1991), the earlier and less rigorous standard for setting aside a default is applied. *See e.g., One Parcel*, 763 F.2d at 183.

Here, Defendant's main defense is that Plaintiff is not a proper qui tam plaintiff because he is not an "original source" of the information upon which the allegations in this case are based, which is a jurisdictional requirement. (doc. 178 at 9-10, citing *Rockwell Intern'l Corp. v. United States*, 549 U.S. 457, 467-70 (2007).) He notes that the amended complaint admits that Plaintiff received some of his information from the news and refers in many instances to public information. (*Id.*) Defendant also notes that other defendants have moved to dismiss for failure to state a claim, and that the complaint does not identify what Defendant allegedly did to promote any false statement. Defendant has met his burden to establish the meritorious defense factor.

**D.      Timeliness of Motion**

Another factor often considered by courts is whether the party acted promptly to correct the default. *Effjohn*, 346 F.3d at 563. Here, Defendant responded, moved for leave to file and filed an answer fifteen days after the initial motion for default judgment, which was filed just eight days after his answer was due. After consolidation of the actions and the refiling of the motion, Defendant timely sought and obtained an extension of time to file a response, and he again moved to set aside the entry of default. This factor supports setting aside the default.

In conclusion, Defendant has shown good cause under Rule 55(c), and his motion to set aside the entry of default should be granted.

### III.  MOTION FOR DEFAULT JUDGMENT

Plaintiff moves for default judgment under Fed. R. Civ. P. 55. (*See* doc. 159.)

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead and Sav. Ass'n*,

7

874 F.2d 274, 276 (5th Cir. 1989); *accord Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curium). Moreover, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Id*. Consequently, a default judgment "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Mason & Hanger–Silas Mason Co., Inc. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984) (per curiam). The decision to enter a judgment by default is within the Court's discretion. *Stelax Indus.,* 2004 WL 733844, at *11.[2]

Here, Plaintiff initially obtained entry of default only two days after Defendant's deadline to plead or otherwise, and he moved for entry of default judgment six days later. (*See* doc. 26, Related Action.) Defendant responded fifteen days after the motion was filed, and it has been recommended that the entry of default be set aside. Defendant has vigorously defended this action since the filing of the motion for default judgment. Plaintiff has therefore not met his burden to show that he is entitled to a default judgment. *See* Fed. R. Civ. P. 4(c)(1).

Furthermore, even if Defendant had not shown good cause to set aside the default, Plaintiff is not entitled to default judgment as a matter of right. *Lewis*, 236 F.3d at 767. In view of the potentially meritorious defense identified by Defendant, a decision on the merits is warranted. *Stelax Indus.,* 2004 WL 733844, at *11. Under these circumstances, exercise of the

---

[2] Courts consider numerous factors in deciding whether to grant a motion for default judgment. *Flores v. Koster*, No. 3:11-CV-0726-M-BH, 2013 WL 432908, at *2 (N.D. Tex. Jan. 2, 2013) (citing 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2685 (3d ed. 1998)). These factors include: (1) the amount of money involved; (2) whether there are material issues of fact or issues of substantial public importance at stake; (3) whether the default is technical in nature; (4) the extent of prejudice to the plaintiff due to the delay if the motion is denied; (5) whether the grounds for default are clearly established; (6) the harsh effect of a default judgment; (7) whether the default resulted from a good faith mistake or excusable neglect on the defendant's part; (8) whether the plaintiff's actions contributed to delay; and (9) whether the court would be obligated to set aside the default on motion by the defendant. *Id*.; *see also Stelax Indus., Ltd.*, 2004 WL 733844, at *11 (citing WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 2685).

discretion to enter default judgment is absolutely not warranted.

## IV.  RECOMMENDATION

Defendant's motion to set aside the default should be **GRANTED**, and Plaintiff's motion for default judgment should be **DENIED**.

**SO RECOMMENDED**, this 30th day of December, 2016.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE
