IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAWRENCE M. SMITH, and UNITED STATES OF AMERICA, *ex rel* | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:12-CV-4377-M |
| DEION L. SANDERS, *Individually*, ET AL., | § § § | |
| Defendants. | § | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the standing order of reference dated June 8, 2015 (doc. 126), this case was referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court is the *Motion for Default Judgment*, filed March 21, 2017 (doc. 235). Based on the relevant filings and applicable law, the motion should be **DENIED**.

**I. BACKGROUND**

On August 7, 2013, Lawrence Smith (Relator),[1] on behalf of the United States of America, filed suit against several defendants for violations of the False Claims Act, 21 U.S.C.A. §§ 3729-3730 (the Act), in *Smith et. al. v. Wallace et. al.*, 3:13-CV-3106-M (the Related Action). (*See* doc. 2, Related Action.) He alleged that the defendants made false and fraudulent statements and claims to obtain payment and approval of applications to obtain a federally funded No Child Left Behind Public Charter School Start-Up Grant, and that as a result, they received large sums

---

[1] "Relator," sometimes referred to as a "qui tam plaintiff," is the name used to denote a private individual suing on behalf of the U.S. Government under the False Claims Act. *United States ex rel. Wismer v. Branch Banking & Trust Co.*, No. 3:12-CV-1894-B, 2013 WL 5989312, at *1 n.1 (N.D. Tex. Nov. 12, 2013).

of money through the Texas Education Agency that administered the program in Texas.  (doc. 2 at 4-6, Related Action.)

On January 20, 2015, Relator filed a first amended complaint that also named as a defendant RonKesha Evett Mays (Defendant), and the Clerk of Court issued summonses on that date.  (docs. 15-17, Related Action.)  After the Related Action was consolidated with this action on May 27, 2015 (doc. 122), Relator filed a second amended complaint on July 27, 2015, that again named Defendant.  (*See* doc. 172.)  Summons was issued on August 2, 2016.  (*See* doc. 175.)  After unsuccessful attempts to serve Defendant, Relator filed a motion for substituted service that was granted on December 30, 2016.  (*See* docs. 200, 206.)  Relator filed proof of service on Defendant on January 11, 2017.  (*See* doc. 207.)  On February 2, 2017, Relator requested entry of default on grounds that Defendant had not answered within 21 days, and the Clerk of Court entered default on that date.  (*See* docs. 215, 216.)  Relator moved for default judgment against Defendant on March 21, 2017.  (doc. 235.)

Relator contends that the defendants wrongfully received at least $1,483,436.36 in federal funds as a result of at least 118 false statements.  (*Id.* at 3.)  He seeks a civil penalty of not less than $5,500 and not more than $11,000 for each of the 118 alleged violations of the Act, plus three times the damages that the United States allegedly sustained because of the defendants' actions.  (*Id.* at 4-5.)

### III.  MOTION FOR DEFAULT JUDGMENT

Relator moves for default judgment under Fed. R. Civ. P. 55.

Rule 55 sets forth the conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment.  There is a three-step process for

2

securing a default judgment.  *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).  First, a default occurs when a party "has failed to plead or otherwise defend" against an action.  FED. R. CIV. P. 55(a).  Next, an entry of default must be entered by the clerk when the default is established "by affidavit or otherwise."  *See id.*; *NewYork Life Ins. Co.*, 84 F.3d at 141.  Third, a party may apply to the clerk or the court for a default judgment after an entry of default.  FED. R. CIV. P. 55(b); *New York Life Ins. Co.*, 84 F.3d at 141.

Here, because Defendant has failed to plead or otherwise defend, and Relator has obtained an entry of default from the Court Clerk, the first two requisites for a default judgment have been met.  Remaining for determination is whether entry of a default judgment is appropriate.

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead and Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989); *accord Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curium).  Moreover, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Id*.  Consequently, a default judgment "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Mason & Hanger–Silas Mason Co., Inc. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984) (per curiam).  The decision to enter a judgment by default is within the Court's discretion.  *Stelax Indus., Ltd. v. Donahue*, No. 3:03-CV-923-M, 2004 WL 733844, at *11 (N.D. Tex. Mar. 25, 2004).

Courts consider numerous factors in deciding whether to grant a motion for default judgment.  10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE & RICHARD L.

MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2685 (3d ed. 1998).  The applicable factors include: 1) the amount of money involved; 2) whether there are material issues of fact or issues of substantial public importance at stake; 3) whether the default is technical in nature; 4) the extent of prejudice to the plaintiff due to the delay; 5) whether the grounds for default are clearly established; 6) the harsh effect of a default judgment; 7) whether the default resulted from a good faith mistake or excusable neglect on the defendant's part; 8) whether the plaintiff's actions contributed to delay; and 9) whether the court would be obligated to set aside the default on motion by the defendant.  *Id.*; *see also Stelax Indus., Ltd.*, 2004 WL 733844, at *11(citing 10A WRIGHT, MILLER, KANE & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2685).

Moreover, "[w]here one of multiple defendants is in default, as a general rule, a decree of default may be entered, but a judgment is withheld pending a decision on the merits as to the other defendants."  *Raleigh Cycle Co. of Am. v. Risha*, No. H-84-522, 1987 WL 11889, at *1 (S.D. Tex. May 27, 1987) (citing *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552, 554 (1872).  In *Frow*, the Supreme Court stated that:

> where a [complaint] makes a joint charge against several defendants, and one of them makes default, [a court] is simply to enter a default . . . and proceed with the cause upon the answers of the other defendants.  The defaulting defendant has merely lost his standing in court.  He will not be entitled to service of notices in the cause, nor to appear in it in any way.  He can adduce no evidence, he cannot be heard at the final hearing.  But if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike–the defaulter as well as the others.  If it be decided in the complainant's favor, he will then be entitled to a final decree against all.

82 U.S. (15 Wall.) at 554; *see also Lewis*, 236 F.3d at 768 (recognizing that when "a defending party establishes that plaintiff has no cause of action . . . this defense generally inures to the benefit of a defaulting defendant"); *Grimball v. New Orleans City*, No. 10-3657, 2012 WL

3027921, at *2 (E.D. La. July 24, 2012) (applying *Frow* to avoid the possibility of inconsistent judgments); *American S. Ins. Co. v. Buckley*, No. 1:09-CV-723, 2010 WL 5654105, at *3-5 (E.D. Tex. Dec. 28, 2010) (same), *recommendation adopted by* 2011 WL 288604 (Jan. 27, 2011).[2] Even when defendants are similarly situated but not jointly liable, however, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits as a matter of sound policy.  *Gulf Coast Fans, Inc. v. Midwest Electronics,* 740 F.2d 1499, 1512 (5th Cir. 1984) (citations omitted); *see also Underwriters at Lloyds, Syndicate 4242 v. Turtle Creek P'ship, Ltd.*, No. 4:08-CV-3044, 2010 WL 5583118, at *3 (S.D. Tex. Feb. 26, 2010) (While *Frow* applies "when the liability is joint and several, it probably can be extended to situations in which several defendants have closely related defenses.") (quoting from 10A WRIGHT, MILLER, KANE & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2690).

    In this case, Relator contends that the defendants wrongfully received at least $1,483,436.36 in federal funds as a result of at least 118 false statements, and he requests a civil penalty of not less than $5,5000 for each of the 118 alleged violations, plus three times the damages that the United States allegedly sustained because of the defendants' actions.  (*See* doc. 160.)  Based on the amount of damages requested, the first factor weighs against entry of a default judgment.  *See Rolle v. Law Office of Samuel Streeter, PLLC*, No. CIV 08-274-TUC-CKJ, 2010 WL 729022, *6 (D. Ariz. Mar. 2, 2010) ("If the sum of money at stake is completely disproportionate or inappropriate, default judgment is disfavored."); *Lott v. Indian Harbor Marine, Inc.*, No. 96-2480, 1997 WL 325368 (E.D. La. June 11, 1997) (denying motion for

---

[2] *Compare Mori Seiki USA, Inc. v. McIntyre*, No. 3:06-CV-2344-B, 2008 WL 577274, at *2 (N.D. Tex. Mar. 4, 2008) (granting default judgment in a case involving joint and several liability based on a finding that there was no risk of inconsistent judgments)

default judgment in part because the damages sought exceeded $500,000).  Because the damages claimed by Relator are unliquidated, assessing an appropriate damage award with reasonable certainty would also be difficult at this stage of the case, especially where the motion fails to specify what portion of the violations or damages are allegedly attributable to Defendant.  *See Bullock v. Abbott & Ross Credit Services, L.L.C.*, No. A-09-CV-413 LY, 2009 WL 4598330, at *2 (W.D. Tex. Dec. 3, 2009) (noting that in a default judgment context, the plaintiff must still prove damages with "reasonable certainty").

Other factors likewise favor denial.  With regard to the second factor, there are no material issues of fact or issues of substantial public importance at stake where Relator's claims against other defendants based on similar allegations have been dismissed for failure to state a claim.  (*See* docs. 233, 234); *Shaunfield v. Paramount Recovery Sys.*, 3:12-CV-4686-M, 2014 WL 4814827, at *4 (N.D. Tex. Sept. 29, 2014).  Despite default, it would be "incongruous and unfair" to allow other defendants to prevail against Relator while entering judgment in his favor against Defendant on the same issues under the same allegations.  *See Lewis*, 236 F.3d at 768; *Gulf Coast Fans, Inc.,* 740 F.2d at 1512.  Entry of default judgment against Defendant could result in the "inconsistent and incongruent situation against which the *Frow* decision warns." *American S. Ins. Co.*, 2010 WL 5654105, at *4; *see also Lohri v. Countrywide Home Loans, Inc.,* No. 4:12cv568, 2013 WL 308893, at *1-2 (E.D. Tex. Jan. 25, 2013). As for the fourth factor, there appears to be little or no prejudice to Relator if the motion is denied.  *Stelax Indus., Ltd.*, 2004 WL 733844, at *11-12.  Under the sixth factor, default judgment appears especially harsh in light of the substantial damages request.

In view of these considerations and the strong policy in favor of decisions on the merits,

6

default judgment is unwarranted at this stage of the proceedings.³  *Stelax Indus., Ltd.*, 2004 WL 733844, at *11.

## IV.  RECOMMENDATION

Relator's motion for default judgment should be **DENIED**.

**SO RECOMMENDED**, this 7th day of April, 2017.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

³ The remaining factors either favor Relator or are neutral in effect because there is no evidence on those points.