IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAWRENCE M. SMITH, and UNITED STATES OF AMERICA, *ex rel* | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:12-CV-4377-M |
| DEION L. SANDERS, *Individually*, ET AL., | § § § | |
| Defendants. | § | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the standing order of reference dated June 8, 2015 (doc. 126), this case was referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Based on the relevant filings and applicable law, the claims against some defendants should be **DISMISSED without prejudice** for failure to timely serve them.

## I. BACKGROUND

On October 31, 2012, Lawrence Smith (Relator),[1] on behalf of the United States of America, filed suit against several defendants, including unnamed John and Jane Does (Doe Defendants), for violations of the False Claims Act, 21 U.S.C. §§ 3729-30 (the Act) in *United States ex rel. Smith v. Sanders*, No. 3:12-CV-4377-M. (doc. 2.) He alleged that several defendants "committed several acts and omissions that contributed to and resulted in the making of false and fraudulent statements and claims to obtain federal grant funds" through the National

---

[1] "Relator," sometimes referred to as a "qui tam plaintiff," is the name used to denote a private individual suing on behalf of the U.S. Government under the False Claims Act. *United States ex rel. Wismer v. Branch Banking & Trust Co.*, No. 3:12-CV-1894-B, 2013 WL 5989312, at *1 n.1 (N.D. Tex. Nov. 12, 2013).

School Lunch Program (the School Lunch Program) and Summer Food Service Program (the Summer Food Program).[2]  (doc. 89 at 10-12.)

Relator filed another action on August 7, 2013 in *United States ex rel. Smith v. Wallace*, No. 3:13-CV-3106-M (the Related Action) against some of the same defendants as in this case, and he also named other defendants, including Pinnacle Commercial Property Group LLC (Pinnacle) and Doe Defendants.  (*See* doc. 2, Related Action.)[3]  His claims related to the charter school application and grant applications for Prime Prep Academy (the Academy).  (*See* doc. 2, Related Action; doc. 172 at 8.)  On May 27, 2015, the Court consolidated both cases and ordered that "[a]ll future pleadings, motions, and other papers in these cases shall be filed under case number 3:12-CV-4377-M."  (doc. 122 at 1; doc. 46, Related Action.)  After consolidation, Relator amended his complaint in the Related Action.  (*See* doc. 172.)  He again named Pinnacle as a defendant as well as Doe Defendants.  (*Id.*)

As of this date, Relator has not served Pinnacle with process in the Related Action, and he has not identified nor served any Doe Defendants in either action.  At a status conference on May 2, 2017 (doc. 262), Relator's counsel confirmed that these defendants were ripe for dismissal based on the failure to serve.

## II. RULE 4(m)

Rule 4(c) of the Federal Rules of Civil Procedure places the burden on the plaintiff to ensure that the defendants are properly served with summons and a copy of the complaint.  Fed.

---

[2] According to Relator, the School Lunch Program and Summer Food Program are federally mandated and funded programs that were administered by the State of Texas through its Department of Agriculture. (doc. 89 at 10-12.)

[3] Documents filed in *United States ex rel. Smith v. Wallace*, No. 3:13-CV-3106-M are identified with "Related Action" after the document number.

2

R. Civ. P. 4(c)(1). Service of process must be made within 90 days of filing a complaint, or the action is subject to dismissal without prejudice.  Fed. R. Civ. P. 4(m).

If a defendant is not timely served after the complaint is filed, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Ayika v. Sutton*, 378 Fed. App'x, 432 434 (5th Cir. 2010) (per curiam) (citing Fed.R.Civ.P. 4(m)). "When the [] deadline has not expired, the court may dismiss the action without prejudice for insufficient service of process so the plaintiff may effect proper service" or "quash service and give the plaintiff an additional opportunity to properly effect service." *Coleman v. Bank of New York Mellon*, 969 F.Supp.2d 736, 745–46 (N.D. Tex. 2013) (citations omitted).  "[W]hen the time to effect service has expired," however, "the party attempting service has the burden of demonstrating 'good cause' for failure to serve the opposing party." *Kreimerman v. Casa Veerkamp*, 22 F.3d 634, 645 (5th Cir.1994) (citation omitted). What amounts to "good cause" under any particular set of circumstances is necessarily a fact-sensitive inquiry.  *Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 446 (5th Cir. 1996).  At a minimum, "the plaintiff must demonstrate ... as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice."  *Id.* (quoting *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993)).  Of course, courts retain discretion to extend the time for service even in the absence of good cause. *See Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

Here, more than 90 days have passed since Relator filed this action, but he has not served Pinnacle and the Doe Defendants.  He does not request additional time to serve them and has conceded on the record that his claims against them should be dismissed without prejudice.  The

3

claims against these defendants should be dismissed without prejudice.

### III. CONCLUSION

Relator's claims against Pinnacle and the unnamed John and Jane Doe Defendants should be **DISMISSED without prejudice** for failure to comply with Fed. R. Civ. P. 4(m).

**SO RECOMMENDED**, this 6th day of July, 2017.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE