# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-11293
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
May 22, 2018
Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA, ex rel. LAWRENCE M. SMITH,

    Plaintiff - Appellant

v.

DAMIEN LAMARC WALLACE, Individually, also known as D. L. Wallace; FREDERICK R. MAYS, Individually, also known as F. R. Mays, also known as Bishop F. R. Mays, also known as F. Ron Mays, also known as Fredrick R. Mays; CHAZMA JONES, Individually, also known as Chazma Jones Brown,

    Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CV-4377

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

    Lawrence Smith filed a qui tam suit alleging that numerous defendants violated the False Claims Act in connection with a summer food services program sponsored by the government. The district court, accepting the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

recommendation of a magistrate judge, granted summary judgment to three of the defendants—Damian Wallace, Frederick Mays, and Chazma Jones. The court then entered a final judgment as to those defendants under Federal Rule of Civil Procedure 54(b). Smith appealed and argues the district court erred in granting summary judgment. We AFFIRM.

On appeal,[1] Smith makes only one argument. He asserts that the defendants made false factual statements in their applications to participate in the Texas Department of Agriculture Summer Food Service Programs. A necessary element of Smith's FCA claim, however, is that the defendants made fraudulent claims for payment, *see* 31 U.S.C. § 3729(a)(1)(A), (b)(2) (requiring a "claim for payment" and defining claim to mean "any request or demand, whether under a contract or otherwise, for money or property"), and the application is not a request for payment. Smith argues that the defendants' misstatements on the applications made later claims for payment fraudulent under an "implied false certification theory," citing *Universal Health Services., Inc. v. United States ex rel. Escobar*, 136 S. Ct. 1989 (2016). Smith does not assert the claims themselves are explicitly false.

Smith fails to present evidence necessary to raise a fact issue in support of an "implied false certification theory" of liability. Under *Universal Health Services*, defendants are liable under the implied false certification theory "at least where two conditions are satisfied: first, the claim does not merely request payment, but also makes specific representations about the goods or services provided; and second, the defendant's failure to disclose noncompliance with material statutory, regulatory, or contractual requirements makes those representations misleading half-truths." *Id.* at

---

[1] "This court reviews de novo a district court's grant of summary judgment, applying the same standard as the district court." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 328 (5th Cir. 2017) (citing *Ford Motor Co. v. Tex. Dep't of Transp.*, 264 F.3d 493, 498 (5th Cir. 2001)).

No. 17-11293

2001. Smith's only evidence in support of his theory consists of the following: (1) a report showing that an entity for which the defendants worked received reimbursement under a government program, and (2) other reports indicating that the entity had failed to abide by the terms of the program. But Smith never identifies any claim that the defendants submitted. Nor does he provide evidence that would support a finding that the claims included "specific representations" that were "misleading half-truths" in light of the alleged misstatements in the original applications. *See id.* at 2001. Without that evidence, Smith fails to raise a genuine issue of material fact regarding a necessary element of his cause of action. Thus, the district court did not err in granting these defendants summary judgment.

AFFIRMED.