IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAWRENCE M. SMITH, and UNITED STATES OF AMERICA, *ex rel* Plaintiffs, | § § § § | |
| v. | § § | Civil Action No. 3:12-CV-4377-M |
| DEION L. SANDERS, *Individually*, ET AL., Defendants. | § § § § | Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By standing order of reference dated June 8, 2015 (doc. 126), this case was referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court for determination is *Plaintiffs' Second Amended Motion for Sanctions and Contempt of Court Against Pro Se Defendant, Deion L. Sanders*, filed June 11, 2018 (doc. 425). After consideration of the relevant filings and applicable law, the motion should be **GRANTED in part** and **DENIED in part**.

### I.  BACKGROUND

On October 31, 2012, Lawrence Smith (Relator)[1] filed suit against several defendants on behalf of the United States of America for violations of the False Claims Act, 21 U.S.C. §§ 3729-30 (the Act) in *United States ex rel. Smith v. Sanders*, No. 3:12-CV-4377-M. (doc. 2.) He alleges that several defendants "committed several acts and omissions that contributed to and resulted in the making of false and fraudulent statements and claims to obtain federal grant funds" through the National School Lunch Program and Summer Food Service Program. (doc. 89 at 10-12.)

---

[1] "Relator," sometimes referred to as a "qui tam plaintiff," is the name used to denote a private individual suing on behalf of the U.S. Government under the False Claims Act. *United States ex rel. Wismer v. Branch Banking & Trust Co.*, No. 3:12-CV-1894-B, 2013 WL 5989312, at *1 n.1 (N.D. Tex. Nov. 12, 2013).

Relator filed another action on August 7, 2013 in *United States ex rel. Smith v. Wallace*, No. 3:13-CV-3106-M (the Related Action) against some of the same defendants as in this case, as well as others. (*See* doc. 2, Related Action.)[2] His claims related to the charter school application and grant applications for Prime Prep Academy (the Academy). (*See* doc. 2, Related Action; doc. 172 at 8.) On May 27, 2015, the Court consolidated both cases. (doc. 122 at 1; doc. 46, Related Action.) After consolidation, Relator amended the complaint he originally filed in the Related Action. (*See* doc. 172.) Relator alleges that several defendants, including Deion L. Sanders (Defendant), made material false representations and statements in the Academy's charter application to obtain grant funds under the federally funded No Child Left Behind (NCLB) Act. (*Id.* at 3, 6-7.) He also alleges that the defendants received large sums of money through the Texas Education Agency, which administered the NCLB program in Texas. (*Id.* at 3.)

During the course of the litigation, Defendant has wholly failed to participate or cooperate with discovery, and he has violated the following court orders without satisfactory explanation[3]:

| Docket No. | Action Ordered |
|---|---|
| #266 | Produce discovery responses by 6/5/17. (*See Order,* doc. 303.) |
| #303 | Produce discovery responses by 7/12/17. (*See Order,* doc. 346.) |
| #293 | Appear for settlement conferences on 7/17/17 and 7/20/17. (*See Order,* doc. 319) |
| #285 | Participate in mediation and in filing joint status report by 7/23/17. (*See* docs. 319, 320.) |

---

[2] Documents filed in *United States ex rel. Smith v. Wallace*, No. 3:13-CV-3106-M are identified with "Related Action" after the document number.

[3] Defendant's counsel also failed to appear for a status conference on May 2, 2017, but his attorney explained that he had failed to calendar the conference and did not intentionally fail to appear. (*See* docs. 248, 267.)

| #318 | Appear in person for hearing on 8/11/17 concerning failure to produce discovery responses. (*See Order,* doc. 346.) |
|---|---|
| #346 | Pay fees and costs incurred by Relator in filing a discovery motion and produce discovery responses by 8/25/17. (*See Order,* doc. 350.) |
| #350 | Appear for show cause hearing on 9/1/17 as to why his pleadings should not be stricken and default judgment rendered for failure to comply with discovery orders |

Based on Defendant's alleged failure to respond to them, other than to state that he did not have time to respond to discovery requests, Defendant's attorneys moved to withdraw from representing him in this case on August 1, 2017, and their motion was granted on August 11, 2017. (*See* docs. 338, 348.)  After his attorneys were allowed to withdraw, the Court ordered that all orders issued on August 11, 2017, be served on Defendant by email at the email address which his counsel and Relator agreed was the most current viable means of reaching him, and by mail at various physical addresses provided by Relator. (*See* docs. 351, 352.)  Defendant acknowledged email receipt of the orders by return email and copied an attorney on the email on that same date. (*See* doc. 354-1.)

Relator now seeks to have Defendant held in contempt and sanctioned under Fed. R. Civ. P. 37(b) by having his pleadings stricken and default entered against him. (*See* doc. 425 at 9.)

## II.  RULE 37(b)

Rule 37(b)(2)(A) provides that if a party fails to obey an order to provide or permit discovery, the court may issue "further just orders," including

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;

3

>(vi) rendering a default judgment against the disobedient party; or
>(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). In stead of, or in addition, the court must order payment of reasonable expenses, including attorney's fees, caused by the failure to permit discovery. Fed. R. Civ. P. 37(b)(2)(C). Courts have "'broad discretion under Rule 37(b) to fashion remedies suited to the misconduct,'" although this discretion is limited. *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012) (quoting *Pressey v. Patterson*, 898 F.2d 1018, 1021 (5th Cir.1990)).

The Fifth Circuit has articulated several factors that must be present before the severest discovery sanction is justified, including whether (1) "the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct"; (2) the violation is "attributable to the client instead of the attorney"; (3) the violation "substantially prejudice[s] the opposing party"; and (4) a lesser sanction would not "substantially achieve the desired deterrent effect." *FDIC v. Conner*, 20 F.3d 1376, 1380-81 (5th Cir. 1994); *see also Smith,* 685 F.3d at 488 ("'[U]sually, ... a finding of bad faith or willful misconduct [is required] to support the severest remedies under Rule 37(b)—striking pleadings or dismissal of a case.'") (quoting Pressey, 898 F.2d at 1021). "Litigation-ending sanctions are, by their very nature, the last resort." *Fuqua v. Horizon/CMS Healthcare Corp.*, 199 F.R.D. 200, 204 (N.D. Tex. 2000) (citing *Conner*, 20 F.3d at 1380). "Nevertheless, in certain circumstances, they are justified 'not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.'" *Id.* (citing *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 643 (1976)).

In this case, over the course of almost two years, Defendant has yet to provide any discovery. His failure to comply with an agreed order to provide discovery responses (doc. 266), as well as with two subsequent orders to provide that same discovery (docs. 303, 346), is willful. *See Moody v. Schwartz*, 97 F.R.D. 741, 744 (S.D. Tex. 1983)(finding plaintiff's failure to "answer fully and completely" an interrogatory was willful and in conscious disregard for defendants' discovery rights in light of the fact that the court previously ordered plaintiff on two occasions to answer the interrogatories). He also failed to comply with orders to appear for a hearing concerning his failure to provide discovery as ordered, to pay reasonable expenses caused by his failure to provide discovery responses, or to appear for a hearing to show cause as to why his pleadings should not be stricken and default judgment rendered for failure to comply with discovery orders. (*See* docs. 318, 346, 350.) Defendant had notice of the discovery orders both through his prior counsel, and after their withdrawal, through service of the orders by the Clerk's Office, (*see* docs. 338, 354-1), but he still failed to comply. *See Moore v. CITGO Refining and Chemicals, Co.*, L.P., 735 F.3d 309, 316 (5th Cir. 2013)("Plaintiffs were aware of the Court's rulings, and nevertheless failed to conduct themselves in accordance with them. This failure evidences a blatant disregard for the judicial process, and constitutes willful and contumacious conduct."). His repeated failure to comply with several discovery orders despite notice in the show cause order of the specific consequences of the failure for almost two years evidences the willfulness, delay and contumacious conduct that warrants litigation-ending sanctions. *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1304 (5th Cir. 1988) ("We have repeatedly emphasized that a dismissal with prejudice is a 'draconian' remedy, or a 'remedy of the last resort,' to be employed only when the failure to comply with the court's order results from

willfulness or bad faith rather than from an inability to comply. Nevertheless, deliberate, repeated refusals to obey discovery orders have been held to warrant the use of this ultimate sanction.")

In addition, it is apparent from the record that the delay and violation of the Court's discovery orders is attributable to Defendant as opposed to his attorneys. As noted, they were allowed to withdraw because he would not cooperate in trying to respond to Relator's discovery requests and told them he did not have time to conduct discovery, and he thereafter failed to even respond to them. (*See* docs. 338, 348.) After the attorneys withdrew, he received notice of the court orders, including a show cause order, but continued to ignore them. A party acting *pro se* has "no counsel to blame for his actions." *Pegues v. PGW Auto Glass, L.L.C.*, 451 F. App'x 417, 418 (5th Cir. 2011).

As for prejudice, courts have found that failure to provide discovery substantially prejudices the opposing party. *See id.* (finding that it was not erroneous for the district court to conclude that the inability to depose the plaintiff prejudiced the defendants' ability to prepare for trial); *see also Chisesi v. Auto Club Family Ins. Co.*, 374 F.App'x 475, 477 (5th Cir. 2010) (finding that the defendant was "undoubtedly prejudiced" where it was "denied any discovery for months, was prejudiced in its ability to prepare for trial, and was forced to spend time and money attempting to coerce discovery"). Here, Defendant has provided no discovery responses at all and continues to refuse to participate in the lawsuit after almost two years, bringing the litigation against this last remaining defendant to a standstill. This factor has therefore also been met.

Finally, based on his continued disregard of court orders and failure to in any way participate in this litigation, no lesser sanction will "substantially achieve the desired deterrent effect." *FDIC* , 20 F.3d at 1380-81. Defendant has received several opportunities to remedy the

failure to provide discovery. Progressive sanctions have been imposed, including a second order to produce documents, subsequent assessment of reasonable expenses after the second failure to produce documents, and the ultimate issuance of an order to show cause as to why his pleadings should not be stricken and default judgment rendered for failure to comply with discovery orders. Because Defendant had notice of the potential for litigation-ending consequences but still failed to respond in any way, there is no basis to believe that additional warnings or orders to pay sanctions, including expenses and costs, would likely be effective in prompting his compliance. *See Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1033 (5th Cir. 1990) (stating that party's refusal to pay the May 1988 sanctions for 7 months without a credible explanation underscored his attitude toward the court and the inefficacy of any lesser sanctions); *Fuqua*, 199 F.R.D. at 206 (finding a less severe sanction would not be sufficient where "significant monetary sanctions have already been imposed ... and they have obviously been unsuccessful in deterring [the defendants' discovery] misconduct"); *Fazeli v. Saleh*, No. 3:16-CV-749-B, 2018 WL 4539093, at *3 (N.D. Sep. 21, 2018) (finding that default judgment was the "foreseeable and appropriate response required to effect the goals of Rule 37(b)" where the defendant explicitly indicated that he had no intention of responding to the plaintiff's claims). Sincecause he has provided no discovery at all, exclusion of evidence or witnesses not disclosed would likely also not be effective. *See Farmer v. Louisiana Electronic and Financial Crimes Task Force*, 553 F. App'x 386, 389 (5th Cir. 2014). Defendant also failed to appear for a settlement conference or participate in the filing of a joint report. Because he has completely failed to participate in the lawsuit for almost two years, litigation-ending sanctions appear to necessary not only to penalize Defendant for his conduct, but also as a deterrent. *See Fuqua*, 199 F.R.D. at 204.

As for Relator's request to have Defendant held in contempt for his failure to comply with discovery orders, courts must consider the following in determining whether to impose a civil contempt sanction: "'(1) the harm from noncompliance; (2) the probable effectiveness of the sanction; (3) the financial resources of the contemnor and the burden the sanctions may impose; and (4) the willfulness of the contemnor in disregarding the court's order.'" *Orchestratehr, Inc. v. Trombetta*, No. 3:13-CV-2110-KS-BH, 2016 WL 5942223, at *6 (N.D.Tex. Oct. 13, 2016) (Horan, J.) (quoting *Lamar Fin. Corp. v. Adams*, 918 F.2d 564, 567 (5th Cir. 1990)). Based on Defendant's abject failure to respond or participate in this litigation in any way, it does not appear that even a finding of civil contempt and assessment of continuing fines pending compliance with the discovery orders would be effective. Because the litigation-ending sanctions of striking pleadings and rendering default are the "severest remedies under Rule 37(b)," no further sanctions, including contempt, appear warranted.

In conclusion, the Court finds that all four *Connor* factors are present in this case, and that Defendant should be sanctioned under Fed. R. Civ. P. 37(b)(2)(A)(iii) and (vi) by having his pleadings stricken and default rendered against him as a result of his failure to comply with discovery orders, or to participate in this lawsuit, for almost two years.

### III.  RECOMMENDATION

Relator's motion for contempt and sanctions should be granted in part. Defendant's pleadings should be stricken, and the Clerk of the Court should be directed to enter default against Defendant under Fed. R. Civ. P. 55(a).

**SO RECOMMENDED on this 5th day of March, 2019.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE