IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAWRENCE M. SMITH, and UNITED STATES OF AMERICA, *ex rel* <br>   Plaintiffs, <br><br> v. <br><br> DEION L. SANDERS, *Individually*, ET AL., <br>  Defendants. | §§§§§§§§§§ | <br><br><br><br>Civil Action No. 3:12-CV-4377-M <br><br><br><br> Referred to U.S. Magistrate Judge |

## ORDER

By standing order of reference dated June 8, 2015 (doc. 126), this case was referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court for is the defendant's *Motion for Reconsideration of Findings, Conclusions and Recommendation re: Plaintiff's Second Amended Motion for Sanctions and Contempt of Court Against Pro Se Defendant, Deion L. Sanders*, filed March 10, 2019 (doc. 439). After consideration of the relevant filings, applicable law, and oral argument, the motion is **GRANTED**. The *Findings, Conclusions and Recommendation,* filed March 5, 2019 (doc. 437), are hereby **VACATED**, and *Plaintiffs' Second Amended Motion for Sanctions and Contempt of Court Against Pro Se Defendant, Deion L. Sanders*, filed June 11, 2018 (doc. 425), is **GRANTED in part** and **DENIED in part**.

## I. BACKGROUND

On October 31, 2012, Lawrence Smith (Relator)[1] filed suit against several defendants on behalf of the United States of America for violations of the False Claims Act, 21 U.S.C. §§ 3729-30 (the Act) in *United States ex rel. Smith v. Sanders*, No. 3:12-CV-4377-M. (doc. 2.) He alleges

---

[1] "Relator," sometimes referred to as a "qui tam plaintiff," is the name used to denote a private individual suing on behalf of the U.S. Government under the False Claims Act. *United States ex rel. Wismer v. Branch Banking & Trust Co.*, No. 3:12-CV-1894-B, 2013 WL 5989312, at *1 n.1 (N.D. Tex. Nov. 12, 2013).

that several defendants "committed several acts and omissions that contributed to and resulted in the making of false and fraudulent statements and claims to obtain federal grant funds" through the National School Lunch Program and Summer Food Service Program. (doc. 89 at 10-12.)

Relator filed another action on August 7, 2013, *United States ex rel. Smith v. Wallace*, No. 3:13-CV-3106-M (the Related Action), against some of the same defendants as in this case as well as others. (*See* doc. 2, Related Action.)[2] His claims related to the charter school application and grant applications for Prime Prep Academy (the Academy). (*See* doc. 2, Related Action; doc. 172 at 8.) On May 27, 2015, the Court consolidated both cases. (doc. 122 at 1; doc. 46, Related Action.) After consolidation, Relator amended the complaint he originally filed in the Related Action. (*See* doc. 172.) Relator alleges that several defendants, including Deion L. Sanders (Defendant), made material false representations and statements in the Academy's charter application to obtain grant funds under the federally funded No Child Left Behind (NCLB) Act. (*Id.* at 3, 6-7.) He also alleges that the defendants received large sums of money through the Texas Education Agency, which administered the NCLB program in Texas. (*Id*. at 3.)

For the past couple of years, Defendant has wholly failed to participate or cooperate with discovery, and he has violated the following court orders without satisfactory explanation[3]:

| Docket No. | Action Ordered |
|---|---|
| #266 | Produce discovery responses by 6/5/17. (*See Order,* doc. 303.) |
| #303 | Produce discovery responses by 7/12/17. (*See Order,* doc. 346.) |

---

[2] Documents filed in *United States ex rel. Smith v. Wallace*, No. 3:13-CV-3106-M are identified with "Related Action" after the document number.

[3] Defendant's counsel also failed to appear for a status conference on May 2, 2017, but his attorney explained that he had failed to calendar the conference and did not intentionally fail to appear. (*See* docs. 248, 267.)

| #293 | Appear for settlement conferences on 7/17/17 and 7/20/17. (*See Order,* doc. 319) |
|------|-----------------------------------------------------------------------------------|
| #285 | Participate in mediation and in filing joint status report by 7/23/17. (*See* docs. 319, 320.) |
| #318 | Appear in person for hearing on 8/11/17 concerning failure to produce discovery responses. (*See Order,* doc. 346.) |
| #346 | Pay fees and costs incurred by Relator in filing a discovery motion and produce discovery responses by 8/25/17. (*See Order,* doc. 350.) |
| #350 | Appear for show cause hearing on 9/1/17 as to why his pleadings should not be stricken and default judgment rendered for failure to comply with discovery orders. (*See* doc. 378.) |

Based on Defendant's alleged failure to respond to them, other than to state that he did not have time to respond to discovery requests, his attorneys moved to withdraw from representing him on August 1, 2017, and their motion was granted on August 11, 2017. (*See* docs. 338, 348.) After his attorneys were allowed to withdraw, the Court ordered that all orders issued on August 11, 2017, be served on Defendant by email at the email address which his counsel and Relator agreed was the most current viable means of reaching him, and by mail at various physical addresses provided by Relator. (*See* docs. 351, 352.) Defendant acknowledged email receipt of the orders by return email on that same date and copied a different attorney on the return email. (*See* doc. 354-1.)

On June 11, 2018, Relator moved to have Defendant held in contempt and sanctioned under Fed. R. Civ. P. 37(b) by having his pleadings stricken and default entered against him. (*See* doc. 425 at 9.) Defendant failed to respond to the motion, and on March 5, 2019, it was recommended that his pleadings be stricken and that default be entered. (*See* doc. 437.) On March 8, 2019, counsel entered an appearance for Defendant, and he moved for reconsideration of the recommendation on March 10, 2019. (*See* docs. 438, 439.) The motion apologizes for, but does

not explain, the failure to participate in the litigation, and it states that Defendant has tendered a check to opposing counsel for the sanction previously assessed, and that he has agreed to take prompt action to comply with the previous orders. (*See* doc. 439 at 1-2.)

A hearing was conducted concerning the motion for reconsideration on March 18, 2019, and Defendant appeared in person and through counsel. Counsel argued that Defendant did not receive the Court's orders because he had moved from the address to which they were sent, and that because Defendant had taken steps to fully comply with the orders, sanctions other than entry of default were appropriate. He contended that Defendant had now retained counsel to represent him in this case, that he had mailed a check to Relator's counsel for the attorneys' fees that had previously been awarded, and that he had begun gathering documents and preparing his responses to the discovery requests and hoped to comply with the order within a week. He also noted that Relator's same claims against other similar defendants had been dismissed.

## II. MOTION FOR RECONSIDERATION

As noted by the Fifth Circuit, "the Federal Rules of Civil Procedure do not provide for a motion for reconsideration." *Shepherd v. International Paper Co.*, 372 F.3d 326, 328 n. 1 (5th Cir. 2004); *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir.1990) (noting that the federal rules of procedure "do not recognize a 'motion for reconsideration' *in haec verba*"), *abrogated on other grounds by Little v. Liquid Air Corp.,* 37 F.3d 1069, 1076 n. 14 (5th Cir.1994). Where a motion for reconsideration challenges a final judgment, it is treated either as a motion to alter or amend the judgment under Rule 59(e), or as a motion seeking relief from judgment under Rule 60(b). *Id.* Where a motion does not challenge a final judgment, it is considered under Rule 54(b). *See McClendon v. United States,* 892 F.3d 775, 781 (5th Cir. 2018)

(citing *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017)).

Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Under this rule, "'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Austin*, 864 F.3d at 336 (quoting *Lavespere,* 910 F.2d at 185). The Fifth Circuit has specifically noted Rule 54(b)'s flexibility, which reflects courts' inherent power to provide relief from interlocutory orders and decisions "'as justice requires.'" *Id.* at 337 (quoting *Cobell v. Jewell*, 802 F.3d 12, 25–26 (D.C. Cir. 2015)); *Cabal v. Brennan*, 853 F.3d 763, 766 n. 3 (5th Cir. 2017).

Notably, in support of his request for reconsideration of the recommendation that his pleadings be stricken and that default be entered against him for failure to participate in discovery, Defendant has still not provided a satisfactory explanation for his failure. His argument that he had not received the orders because he had moved from the address to which the orders were sent is contradicted by the fact that he personally acknowledged electronic service and receipt of the August 11, 2017 orders by return email. (*See* doc. 354-1.) Although he argues that other sanctions, such as attorneys' fees, are more appropriate, courts are not required "to 'attempt to coax [defendants] into compliance with [the district court's] orders[s] by imposing incrementally increasing sanctions.'" *OrganiCure Bio-Tec. Co. v. Asialink Enter. Group Corp.*, No. 3:09-CV-1755-N, 2012 WL 13027061, at *3 (N.D. Tex. June 7, 2012) (quoting *United States v. $49,000 Currency*, 330 F.3d 371, 379 (5th Cir. 2003)). As of the date of the hearing, he had still not

complied with orders to provide discovery, making entry of default appropriate to penalize his conduct and achieve a deterrent effect. *See id.* at *3-5.

Nevertheless, the recommendation that Defendant's pleadings be stricken and that default be entered against him for failure to participate in discovery apparently prompted him to retain counsel, to appear in person at a hearing, and to attempt to comply with the discovery orders by mailing a check for the attorney's fees previously assessed and preparing discovery responses. This appears to demonstrate that there are lesser sanctions than entry of default and default judgment that will "substantially achieve the desired deterrent effect." *FDIC v. Conner*, 20 F.3d 1376, 1380-81 (5th Cir. 1994). Defendant is now represented by counsel and undisputably aware of his duties in responding to discovery as well as the consequences of any future non-compliance with discovery orders. Allowing him one *final* opportunity to comply with the discovery orders is consistent with the duty to "construe the procedural rules with a preference toward resolving the case on the merits." *Austin*, 864 F.3d at 337–38. It is also consistent with the Court's inherent power to provide relief from interlocutory orders and decisions under Rule 54(b) "as justice requires" in a case in which the claims against all other non-defaulting defendants (except an associated entity) have been dismissed. Accordingly, the motion for reconsideration is granted, and the recommendation that Defendant's pleadings be stricken and that default be entered is vacated.

### III. MOTION FOR SANCTIONS

Relator seeks to have Defendant held in contempt and sanctioned under Fed. R. Civ. P. 37(b) by having his pleadings stricken and default entered against him. (*See* doc. 425 at 9.)

Rule 37(b)(2)(A) provides that if a party fails to obey an order to provide or permit

discovery, the court may issue "further just orders," including

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). In stead of, or in addition, the court must order payment of reasonable expenses, including attorney's fees, caused by the failure to permit discovery. Fed. R. Civ. P. 37(b)(2)(C). Courts have "'broad discretion under Rule 37(b) to fashion remedies suited to the misconduct,'" although this discretion is limited. *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012) (quoting *Pressey v. Patterson*, 898 F.2d 1018, 1021 (5th Cir.1990)).

The Fifth Circuit has articulated several factors that must be present before the severest discovery sanction is justified, including whether (1) "the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct"; (2) the violation is "attributable to the client instead of the attorney"; (3) the violation "substantially prejudice[s] the opposing party"; and (4) a lesser sanction would not "substantially achieve the desired deterrent effect." *Conner*, 20 F.3d at 1380-81; *see also Smith,* 685 F.3d at 488 ("'[U]sually, ... a finding of bad faith or willful misconduct [is required] to support the severest remedies under Rule 37(b)—striking pleadings or dismissal of a case.'") (quoting *Pressey*, 898 F.2d at 1021). "Litigation-ending sanctions are, by their very nature, the last resort." *Fuqua v. Horizon/CMS Healthcare Corp.*, 199 F.R.D. 200, 204 (N.D. Tex. 2000) (citing *Conner*, 20 F.3d at

1380). "Nevertheless, in certain circumstances, they are justified 'not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.'" *Id.* (citing *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 643 (1976)).

As discussed above, it now appears there are lesser sanctions than entry of default to compel Defendant's compliance with prior discovery orders and achieve a deterrent effect. The motion for contempt and for litigation-ending sanctions is therefore denied.[4] Defendant concedes that assessment of the additional attorneys' fees incurred by Relator to finally obtain his compliance with the discovery orders is an available sanction, and an award of fees is absolutely warranted in this case for the same reasons that it was previously recommended that litigation-ending sanctions be imposed. (*See* doc. 437.) While he argued at the hearing that a limited waiver of objections to the discovery requests is also warranted, he already agreed to a full waiver in the initial agreed discovery order. (*See* doc. 266 at 2.) Relator's motion for sanctions in the form of attorneys' fees is therefore granted, and he is awarded reasonable attorneys' fees incurred in obtaining Defendant's compliance with the discovery orders, including those for filing a second motion to compel (doc. 317), attending the hearing on that motion on August 11, 2017, attending the show cause hearing on September 1, 2017, and filing the motion for sanctions and entry of default (doc. 425).

Local Rule 7.1(a) and (h) of the Local Civil Rules for the Northern District of Texas require that parties confer before filing an application for attorney's fee and expenses.

---

[4]Magistrate judges have authority to enter nondispositive sanctions orders awarding fees under Rule 37 and denying requests for dispositive sanctions. *Dartson v. Villa*, No. 3:17-CV-569-M, 2018 WL 3528721, at *6 (N.D. Tex. Apr. 2, 2018) (citing 28 U.S.C. § 636(b) and *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1016-17 (5th Cir. Unit A 1981) (per curiam)).

Accordingly, counsel are hereby directed to meet **face-to-face** and confer about whether fees should be awarded and the reasonableness of any requested fees. The "face-to-face" requirement is not satisfied by a telephonic conference. Any attorney or party refusing to appear for this meeting or to confer as directed in this order will be subject to sanctions.

No later than **5:00 p.m. on April 2, 2019**, the parties must notify the Court of the results of the conference in writing. If the disputed issues have been resolved, the movant shall also forward an agreed proposed order in word or wordperfect format to "ramirez_orders@txnd.uscourts.gov". If the parties do not reach an agreement, or if the respondent fails to appear for the conference, Relator may file an application for reasonable expenses and attorney's fees **no later than 5:00 p.m. on April 2, 2019.** The fee application must be supported by documentation evidencing the "lodestar"[5] calculation, including affidavits and billing records, and citations to relevant authorities. *See Tollett v. City of Kemah*, 285 F.3d 357, 367 (5th Cir. 2002) using the "lodestar" method to award attorney's fees under Rule 37). Defendant may file a response **no later than 5:00 p.m. on April 9, 2019.** Relator may file a reply **no later than 5:00 p.m. on April 16, 2019**.

## IV. CONCLUSION

Defendant's *Motion for Reconsideration of Findings, Conclusions and Recommendation re: Plaintiff's Second Amended Motion for Sanctions and Contempt of Court Against Pro Se Defendant, Deion L. Sanders*, filed March 10, 2019 (doc. 439) is **GRANTED**, and the *Findings, Conclusions and Recommendation,* filed March 5, 2019 (doc. 437), are hereby **VACATED.** *Plaintiffs' Second Amended Motion for Sanctions and Contempt of Court Against Pro Se Defendant, Deion L. Sanders*, filed June 11, 2018 (doc. 425), is **GRANTED in part** and **DENIED**

---

[5] The "lodestar" method is explained in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

**in part**. Relator's request for a finding of contempt and entry of litigation-ending sanctions is **DENIED**, but his request for sanctions in the form of an award of attorneys' fees is **GRANTED**, and he may file an application as set out above.

In addition, no later than 30 days from the date of this order, Defendant must provide his full discovery responses and all responsive documents to Relator per the *Agreed Order* dated May 8, 2017 (doc. 266), unless otherwise agreed by the parties in writing. If Defendant fails to comply with this order, Relator may file a new motion for sanctions within 45 days from the date of this order.

**SO ORDERED on this 18th day of March, 2019.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE