## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| LAWRENCE M. SMITH, and UNITED | § | |
| STATES OF AMERICA, *ex rel* | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:12-CV-4377-M |
| | § | |
| DEION L. SANDERS, *Individually*, ET AL., | § | |
| | § | |
| Defendants. | § | Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By standing order of reference dated June 8, 2015 (doc. 126), this case was referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court is *Plaintiff's Motion to Strike Pleadings, Enter Default, and Enter Default Judgment Against Defendant, Prime Time Association*, filed November 5, 2018 (doc. 432). Based on the relevant filings and applicable law, the motion should be **DENIED**.

### I. BACKGROUND

On October 31, 2012, Lawrence Smith (Relator)[1] filed suit against several defendants on behalf of the United States of America for violations of the False Claims Act, 21 U.S.C. §§ 3729-30 (the Act) in *United States ex rel. Smith v. Sanders*, No. 3:12-CV-4377-M. (doc. 2.) He alleges that the defendants, including Prime Time Association (Defendant), "committed several acts and omissions that contributed to and resulted in the making of false and fraudulent

---

[1] "Relator," sometimes referred to as a "qui tam plaintiff," is the name used to denote a private individual suing on behalf of the U.S. Government under the False Claims Act. *United States ex rel. Wismer v. Branch Banking & Trust Co.*, No. 3:12-CV-1894-B, 2013 WL 5989312, at *1 n.1 (N.D. Tex. Nov. 12, 2013).

statements and claims to obtain federal grant funds" through the National School Lunch Program and Summer Food Service Program.  (doc. 89 at 10-12.)

Relator filed another action on August 7, 2013 in *United States ex rel. Smith v. Wallace*, No. 3:13-CV-3106-M (the Related Action) against some of the same defendants as in this case, as well as others.  (*See* doc. 2, Related Action.)[2]  His claims related to the charter school application and grant applications for Prime Prep Academy.  (*See* doc. 2, Related Action; doc. 172 at 8.)  On May 27, 2015, the Court consolidated both cases.  (doc. 122 at 1; doc. 46, Related Action.)

On August 1, 2017, counsel for Defendant moved to withdraw from representing it and defendant Deion Sanders in this case based on Sander's alleged failure to respond to them, other than to state that he did not have time to respond to discovery requests.  (*See* doc. 338.)  The motion was granted on August 11, 2017.  (*See* doc. 348.)  After the attorneys were allowed to withdraw, the Court issued an order which stated:

> Here, defendant Prime Time Association must appear through licensed counsel within **TWENTY-ONE** (21) days from the date of this order.  If licensed counsel has not entered an appearance on behalf of the artificial entity defendant within that time, it will be recommended that its defenses be stricken without further notice and that the Court conduct further proceedings in accordance with the law, including but not limited to, entry of an order of default and/or default judgment.

(*See* doc. 349.)  No appearance was made on Defendant's behalf within that time.  On November 5, 2018, Relator moved to strike Defendant's answer, for entry of default, and for default judgment.  (*See* doc. 432.)  Two weeks after the motion was filed, counsel filed a notice of appearance on behalf of Defendant and a response to the motion.  (*See* docs. 433, 434.)  The

---

[2] Documents filed in *United States ex rel. Smith v. Wallace*, No. 3:13-CV-3106-M are identified with "Related Action" after the document number.

response states that Defendant "is prepared to defend itself and move forward with the lawsuit,"
and that the Relator "has not asserted that he suffered any prejudice from Defendant's delay in
retaining counsel and has not filed any pleadings requiring a response from Defendant [] since
the Court's order to retain counsel."  (doc. 434 at 1-2.)  Relator responds that Defendant has no
good reason for the court not to strike its pleadings.

## II.  MOTION TO STRIKE PLEADINGS

In the federal courts of the United States, "parties may plead and conduct their own cases
personally or by counsel."  28 U.S.C. § 1654.  It is well-established that although individuals
have the right to represent themselves or proceed *pro se* under this statute, corporations are
fictional legal persons who can only be represented by licensed counsel.  *Rowland v. California
Men's Colony*, 506 U.S. 194, 201-02 (1993); *Memon v. Allied Domecq QSR,* 385 F.3d 871, 873
(5th Cir. 2004) (*per curiam*) (citing *Rowland* and *Donovan v. Road Rangers Country Junction,
Inc.,* 736 F.2d 1004, 1005 (5th Cir. 1984) (*per curiam*)); *Southwest Express Co., Inc. v. Interstate
Commerce Commission,* 670 F.2d 53, 54-56 (5th Cir. 1982).  "This is so even when the person
seeking to represent the corporation is its president and major stockholder."  *In re K.M.A., Inc.,*
652 F.2d 398, 399 (5th Cir. 1981) (citation omitted). The rationale for this long-standing rule
applies equally to "all artificial entities", such as partnerships and associations.  *Rowland*, 506
U.S. at 202.  When a corporation or artificial entity declines to hire counsel to represent it, the
court may dismiss its claims if it is a plaintiff, or strike its defenses if it is a defendant.  *See
Donovan,* 736 F.2d at 1005.

Here, although it has taken well more than twenty-one days, Defendant has now retained
counsel to represent it.  Other than the delay in obtaining counsel, Defendant does not appear to

have failed to comply with any court orders. Additionally, the related defendant has now been afforded an opportunity to comply with discovery orders within thirty days of March 18, 2019, and new deadlines will be set for the completion of discovery and filing motions. It does not appear that there will be any prejudice to Relator from allowing this case to also proceed against Defendant, especially since the claims against all other non-defaulting defendants (except the related defendant) have been dismissed. Relator's motion to strike Defendant's pleadings should be denied.

### III. MOTION FOR DEFAULT JUDGMENT

Relator moves for default judgment under Fed. R. Civ. P. 55.

Rule 55 sets forth the conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. There is a three-step process for securing a default judgment. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a party "has failed to plead or otherwise defend" against an action. FED. R. CIV. P. 55(a). Next, an entry of default must be entered by the clerk when the default is established "by affidavit or otherwise." *See id.*; *NewYork Life Ins. Co.*, 84 F.3d at 141. Third, a party may apply to the clerk or the court for a default judgment after an entry of default. FED. R. CIV. P. 55(b); *New York Life Ins. Co.*, 84 F.3d at 141.

Here, Defendant has now obtained counsel to represent it, and has not failed to plead or otherwise defend the case, and it has been recommended that Relator's motion to strike its pleadings and enter default judgment be denied. Because Relator has not obtained an entry of default, the first requisite for a default judgment has not been met. The motion for entry of default judgment should therefore be denied.

4

## IV.  RECOMMENDATION

Relator's motion to strike Defendant's pleadings, for entry of default, and for default judgment should be **DENIED**.

**SO RECOMMENDED**, this 19th day of March, 2019.


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE