IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAWRENCE M. SMITH, and UNITED STATES OF AMERICA, *ex rel* | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:12-CV-4377-M |
| DEION L. SANDERS, *Individually*, ET AL., | § § § | |
| Defendants. | § | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, defendant Uplift Fort Worth CDC's defenses should be **STRICKEN,** and the Court should find it to be in default.

## I. BACKGROUND

On October 31, 2012, Lawrence Smith (Relator),[2] on behalf of the United States of America, filed suit against several defendants, including Uplift Fort Worth CDC (Defendant), for violations of the False Claims Act, 21 U.S.C. §§ 3729-30 (the Act) in *United States ex rel. Smith v. Sanders*, No. 3:12-CV-4377-M.  (doc. 2.)  He alleged that several defendants "committed several acts and omissions that contributed to and resulted in the making of false and fraudulent statements and claims to obtain federal grant funds" through the National School Lunch Program

---

[1] By standing order of reference dated June 8, 2015 (doc. 126), this case was referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions.

[2] "Relator," sometimes referred to as a "qui tam plaintiff," is the name used to denote a private individual suing on behalf of the U.S. Government under the False Claims Act.  *United States ex rel. Wismer v. Branch Banking & Trust Co.*, No. 3:12-CV-1894-B, 2013 WL 5989312, at *1 n.1 (N.D. Tex. Nov. 12, 2013).

(the School Lunch Program) and Summer Food Service Program (the Summer Food Program).³ (doc. 89 at 10-12.)

Relator filed another action on August 7, 2013 in *United States ex rel. Smith v. Wallace*, No. 3:13-CV-3106-M (the Related Action) against some of the same defendants as in this case, including Defendant, as well as other new defendants. (*See* doc. 2, Related Action.)⁴ His claims related to the charter school application and grant applications for Prime Prep Academy (the Academy). (*See* doc. 2, Related Action; doc. 172 at 8.) On May 27, 2015, the Court consolidated both cases and ordered that "[a]ll future pleadings, motions, and other papers in these cases shall be filed under case number 3:12-CV-4377-M." (doc. 122 at 1; doc. 46, Related Action.) After consolidation, Relator amended his claims in the Related Action, including those against Defendant. (*See* doc. 172.)

By order dated March 26, 2015 (doc. 104), the Court granted Defendant's counsel's motion to withdraw. (*See* doc. 104.) The order expressly advised that as a corporation, Defendant could not represent itself, and that it was subject to a default judgment if new counsel did not enter an appearance within thirty days. (*See id.*) As of this date, no attorney has appeared on behalf of Defendant.

## II. ANALYSIS

In the federal courts of the United States, "parties may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. It is well-established that although individuals

---

³ According to Relator, the School Lunch Program and Summer Food Program are federally mandated and funded programs that were administered by the State of Texas through its Department of Agriculture. (doc. 89 at 10-12.)

⁴ Documents filed in *United States ex rel. Smith v. Wallace*, No. 3:13-CV-3106-M are identified with "Related Action" after the document number.

have the right to represent themselves or proceed *pro se* under this statute, corporations are fictional legal persons who can only be represented by licensed counsel.  *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993); *Memon v. Allied Domecq QSR,* 385 F.3d 871, 873 (5th Cir. 2004) (*per curiam*) (citing *Rowland* and *Donovan v. Road Rangers Country Junction, Inc.,* 736 F.2d 1004, 1005 (5th Cir. 1984) (*per curiam*)); *Southwest Express Co., Inc. v. Interstate Commerce Commission,* 670 F.2d 53, 54-56 (5th Cir. 1982).  "This is so even when the person seeking to represent the corporation is its president and major stockholder."  *In re K.M.A., Inc.,* 652 F.2d 398, 399 (5th Cir. 1981) (citation omitted).  The rationale for this long-standing rule applies equally to "all artificial entities", such as partnerships and associations.  *Rowland*, 506 U.S. at 202.  When a corporation declines to hire counsel to represent it, the court may dismiss its claims if it is a plaintiff, or strike its defenses if it is a defendant.  *See Donovan,* 736 F.2d at 1005.

Here, Defendant was been specifically advised that a corporate defendant may only be represented by licensed counsel, and that the lack of an entry of appearance by counsel on its behalf within thirty days would subject it to a default judgment.  Because no attorney has entered an appearance on behalf of Defendant in this case, it has failed to make an appearance in or otherwise defend this action, so its defenses should be stricken, and further proceedings should be conducted in accordance with the law, including but not limited to, entry of an order of default.

### III.  CONCLUSION

The Court should strike Defendant's defenses and find it to be in default, unless licensed counsel enters an appearance on its behalf within the time for filing objections to this

3

recommendation.

**SO RECOMMENDED**, this 5th day of August, 2019.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE