# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| LAWRENCE M. SMITH, and UNITED STATES OF AMERICA, *ex rel* | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:12-CV-4377-M |
| DEION L. SANDERS, *Individually*, ET AL., | § § § | |
| Defendants. | § | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is *Plaintiffs' Second Amended Motion for Default Judgment Against Defendant, Uplift Fort Worth, CDC*, filed February 25, 2020 (doc. 517). Based on the relevant filings and applicable law, the motion should be **DENIED**, and all claims against all the defaulting defendants should be dismissed with prejudice *sua sponte*.

## I. BACKGROUND

On October 31, 2012, Lawrence Smith (Relator),[2] on behalf of the United States of America, filed suit against 23 named defendants, including Uplift Fort Worth CDC (Defendant), and unnamed Does for violations of the False Claims Act, 21 U.S.C. §§ 3729-30 (the Act) in *United States ex rel. Smith v. Sanders*, No. 3:12-CV-4377-M. (doc. 2.) He alleged that several defendants "committed several acts and omissions that contributed to and resulted in the making of false and fraudulent statements and claims to obtain federal grant funds" through the National School Lunch Program

---

[1] By standing order of reference dated June 8, 2015 (doc. 126), this case was referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions.

[2] "Relator," sometimes referred to as a "qui tam plaintiff," is the name used to denote a private individual suing on behalf of the U.S. Government under the False Claims Act. *United States ex rel. Wismer v. Branch Banking & Trust Co.*, No. 3:12-CV-1894-B, 2013 WL 5989312, at *1 n.1 (N.D. Tex. Nov. 12, 2013).

(the School Lunch Program) and Summer Food Service Program (the Summer Food Program).[3] (doc. 89 at 10-12.) Relator filed another action on August 7, 2013, *United States ex rel. Smith v. Wallace*, No. 3:13-CV-3106-M (the Related Action), against 34 named defendants, including Defendant and others who were also named in this first case. (*See* doc. 2, Related Action.)[4] His claims related to the charter school application and grant applications for Prime Prep Academy (the Academy). (*See* doc. 2, Related Action; doc. 172 at 8.) On May 27, 2015, the Court consolidated both cases and ordered that "[a]ll future pleadings, motions, and other papers in these cases shall be filed under case number 3:12-CV-4377-M." (doc. 122 at 1; doc. 46, Related Action.) After consolidation, Relator amended both actions to drop and add defendants. (*See* docs. 89, 172.)

The claims against all defendants who appeared in either the first or Related Action have now been dismissed, either on a motion to dismiss for failure to state a claim (*see* docs. 61, 64, 132, 134, 135, 139, 144, 145, 212, 233, 234); by stipulation of the parties (*see* docs. 185, 188, 493); *sua sponte* for untimely service of process (*see* docs. 301, 330, 331); or on the defendants' motions for summary judgment (*see* docs. 387, 390, 391).[5] All other defendants, except Defendant, failed to appear after service, and default was entered against them. (*See* docs. 107, 113, 148, 160, 216.) Relator's motions for default judgment against these defendants were denied pending a final decision on the merits in this case. (*See* docs. 142, 150, 151, 166, 190, 197, 204, 205, 213, 214, 245, 257.) Relator has not obtained a decision on the merits in his favor against any defendant who

---

[3] According to Relator, the School Lunch Program and Summer Food Program are federally mandated and funded programs that were administered by the State of Texas through its Department of Agriculture. (doc. 89 at 10-12.)

[4] Documents filed in *United States ex rel. Smith v. Wallace*, No. 3:13-CV-3106-M are identified with "Related Action" after the document number.

[5] Relator appealed the summary judgment, and the United States Court of Appeals for the Fifth Circuit affirmed the judgment. (*See* docs. 427, 428.)

appeared in this consolidated case.

As for Defendant, its counsel's motion to withdraw in this action was granted by order dated March 26, 2015. (*See* doc. 104.) The order expressly advised that as a corporation, Defendant could not represent itself, and that it was subject to a default judgment if new counsel did not enter an appearance within thirty days. (*See id.*) No attorney ever entered an appearance on behalf of Defendant. On August 29, 2019, its defenses were stricken, and it was found to be in default. (*See* doc. 503.) Relator now seeks entry of a default judgment against Defendant, which is the last remaining defaulting defendant against whom he has not previously sought a default judgment. (*See* doc. 517.)

Relator submits a business records affidavit from the Texas Education Agency in response to a public information request which states that the Academy received a total of $1,719,077.00 in federal money between August 27, 2012, when it opened, through January 30, 2015, when it closed. (*Id.* at 15-16.) Relator contends that Defendant wrongfully received at least that amount in federal funds as a result of at least 118 false statements. (*See id*. at 3.) He also provides pages allegedly submitted by the Texas Unified Nutrition Programs System in response to a public information request which show that the Academy received a total of $822,964.25 in federal money in 2011 and 2012. (*See id.* at 18, 20-21.) Relator contends that Defendant wrongfully received at least that amount in federal funds as a result of at least 111 false statements. (*See id.* at 4.) He seeks a civil penalty of not less than $5,500 and not more than $11,000 for each of the 229 alleged violations of the Act, plus three times the damages that the United States allegedly sustained because of the defendants' actions. (*Id.* at 6-7.) A hearing on his motion was held on December 3, 2019, but Relator did not present any additional evidence. (doc. 512.)

3

## II. DEFAULT JUDGMENT

Relator moves for default judgment under Fed. R. Civ. P. 55.

Rule 55 sets forth the conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. There is a three-step process for securing a default judgment. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a party "has failed to plead or otherwise defend" against an action. FED. R. CIV. P. 55(a). Next, an entry of default must be entered by the clerk when the default is established "by affidavit or otherwise." *See id.*; *NewYork Life Ins. Co.*, 84 F.3d at 141. Third, a party may apply to the clerk or the court for a default judgment after an entry of default. FED. R. CIV. P. 55(b); *New York Life Ins. Co.*, 84 F.3d at 141. Here, Defendant initially appeared, but it failed to obtain licensed counsel to represent it after its previous counsel was allowed to withdraw, its defenses have been stricken, and it has found to be in default. The first two requisites for a default judgment have been met, and remaining for determination is whether a default judgment is warranted.

"'Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)). Moreover, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Id.* (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (per curiam)). "There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Only well-pleaded facts, not conclusions of law, are presumed to be true. *Id.* Default judgment "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time

4

requirement." *Mason & Hanger–Silas Mason Co., Inc. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984) (per curiam). The decision to enter a judgment by default is discretionary. *Stelax Indus., Ltd. v. Donahue*, No. 3:03-CV-923-M, 2004 WL 733844, at *11 (N.D. Tex. Mar. 25, 2004).

Courts consider numerous factors in deciding whether to grant a motion for default judgment. 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2685 (3d ed. 1998). The applicable factors include: 1) the amount of money involved; 2) whether there are material issues of fact or issues of substantial public importance at stake; 3) whether the default is technical in nature; 4) the extent of prejudice to the plaintiff due to the delay; 5) whether the grounds for default are clearly established; 6) the harsh effect of a default judgment; 7) whether the default resulted from a good faith mistake or excusable neglect on the defendant's part; 8) whether the plaintiff's actions contributed to delay; and 9) whether the court would be obligated to set aside the default on motion by the defendant. *Id.*; *see also Stelax Indus., Ltd.*, 2004 WL 733844, at *11(citing 10A WRIGHT, MILLER, KANE & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2685).

Where, as here, "one of multiple defendants is in default, as a general rule, a decree of default may be entered, but a judgment is withheld pending a decision on the merits as to the other defendants." *Raleigh Cycle Co. of Am. v. Risha*, No. H-84-522, 1987 WL 11889, at *1 (S.D. Tex. May 27, 1987) (citing *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552, 554 (1872). In *Frow*, the Supreme Court stated that:

> where a [complaint] makes a joint charge against several defendants, and one of them makes default, [a court] is simply to enter a default . . . and proceed with the cause upon the answers of the other defendants. The defaulting defendant has merely lost his standing in court. He will not be entitled to service of notices in the cause, nor to appear in it in any way. He can adduce no evidence, he cannot be heard at the final hearing. But if the suit should be decided against the complainant on the merits,

>the bill will be dismissed as to all the defendants alike–the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all.

82 U.S. (15 Wall.) at 554; *Grimball v. New Orleans City*, No. 10-3657, 2012 WL 3027921, at *2 (E.D. La. July 24, 2012) (applying *Frow* to avoid the possibility of inconsistent judgments); *American S. Ins. Co. v. Buckley*, No. 1:09-CV-723, 2010 WL 5654105, at *3-5 (E.D. Tex. Dec. 28, 2010), *adopted by* 2011 WL 288604 (Jan. 27, 2011) (same).[6] Even when defendants are similarly situated but not jointly liable, however, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits as a matter of sound policy. *See Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001) (citations omitted) (internal quotation marks omitted) (viewing *Frow* broadly and holding that defaulting defendants were allowed to benefit from another defendant's summary judgment motion because it would be " 'incongruous' and 'unfair' to allow some defendants to prevail, while not providing the same benefit to similarly situated defendants"); *Gulf Coast Fans, Inc. v. Midwest Electronics,* 740 F.2d 1499, 1512 (11th Cir. 1984) (citations omitted) (applying the rule in *Frow* to similarly situated defendants, even if they were not jointly and severally liable); *see also Underwriters at Lloyds, Syndicate 4242 v. Turtle Creek P'ship, Ltd.*, No. 4:08-CV-3044, 2010 WL 5583118, at *3 (S.D. Tex. Feb. 26, 2010) (While *Frow* applies "when the liability is joint and several, it probably can be extended to situations in which several defendants have closely related defenses.") (quoting from 10A WRIGHT, MILLER, KANE & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2690).

In this case, Relator contends that Defendant wrongfully received at least $2,542,041.25 in

---

[6] *Compare Mori Seiki USA, Inc. v. McIntyre*, No. 3:06-CV-2344-B, 2008 WL 577274, at *2 (N.D. Tex. Mar. 4, 2008) (granting default judgment in a case involving joint and several liability based on a finding that there was no risk of inconsistent judgments).

federal funds as a result of at least 229 false statements, and he requests a civil penalty of not less than $5,500 for each of the 229 alleged violations, plus three times the damages that the United States allegedly sustained because of the defendants' actions. (*See* docs. 89; 172; 517 at 6-7.) Based on the amount of damages requested, the first factor weighs against entry of a default judgment. *See Rolle v. Law Office of Samuel Streeter, PLLC*, No. CIV 08-274-TUC-CKJ, 2010 WL 729022, *6 (D. Ariz. Mar. 2, 2010) ("If the sum of money at stake is completely disproportionate or inappropriate, default judgment is disfavored."); *Lott v. Indian Harbor Marine, Inc.*, No. 96-2480, 1997 WL 325368 (E.D. La. June 11, 1997) (denying motion for default judgment in part because the damages sought exceeded $500,000).

Other factors likewise favor denial. With regard to the second factor, there are no material issues of fact or issues of substantial public importance at stake where Relator's claims against other defendants based on similar allegations have been either dismissed for failure to state a claim (*see* docs. 233, 234), or dismissed on summary judgment (*see* docs. 390, 391). *See Shaunfield v. Paramount Recovery Sys.*, 3:12-CV-4686-M, 2014 WL 4814827, at *4 (N.D. Tex. Sept. 29, 2014).[7] Despite default, it would be "incongruous and unfair" to allow other defendants to prevail against Relator while entering judgment in his favor against Defendant on the same issues under the same allegations. *See Lewis*, 236 F.3d at 768; *Gulf Coast Fans, Inc.*, 740 F.2d at 1512. Entry of default judgment against Defendant would result in the "inconsistent and incongruent situation against which the *Frow* decision warns." *American S. Ins. Co.*, 2010 WL 5654105, at *4; *see also Lohri v. Countrywide Home Loans, Inc.*, No. 4:12cv568, 2013 WL 308893, at *1-2 (E.D. Tex. Jan. 25,

---

[7]At the December 3, 2019 hearing, Relator did not allege facts or present evidence regarding the merits of his claims against Defendant, and the exhibits attached to his motion for default judgment only provide evidentiary support for the requested amount of damages. (*See* doc. 517 at 11-21.)

7

2013). As for the fourth factor, there appears to be little or no prejudice to Relator if the motion is denied. *Stelax Indus., Ltd.*, 2004 WL 733844, at *11-12. Under the sixth factor, default judgment appears especially harsh in light of the substantial damages request. In view of these considerations and the strong policy in favor of decisions on the merits, default judgment is unwarranted.[8] *See Lewis*, 236 F.3d at 768*; Stelax Indus., Ltd.*, 2004 WL 733844, at *11.

As noted, Relator sued all the defendants for civil liability under the Act based on the same allegations. (*See* docs. 89, 172.)[9] While several of the defendants successfully moved for dismissal or for summary judgment on Relator's claims (*see* docs. 233, 234, 390, 391), the remaining defendants, Uplift Fort Worth CDC, Jennifer Young, Remond Elder, Reginald Calhoun, T. Christopher Lewis, and RonKesha Evett Mays, failed to appear or to defend themselves in this action, and default was entered against them (*see* docs. 107, 113, 148, 216, 503). When "a defending party establishes that plaintiff has no cause of action . . . this defense generally inures to the benefit of a defaulting defendant." *See Lewis*, 236 F.3d at 768; *see, e.g., Underwriters at Lloyds, Syndicate 4242*, 2010 WL 5583118, at *3 (finding successful ruling on common defense made by answering defendant inured to the benefit of defaulting defendant because a ruling in favor of plaintiff and against defaulting defendant would be "incongruous" with prior rulings). Relator has not asserted claims against the defaulting defendants that are unique or independent from those asserted against the dismissed defendants; nor has he alleged any factual basis that would subject the defaulting defendants to liability apart from the factual basis alleged against the dismissed

---

[8] The remaining factors either favor Relator or are neutral because there is no evidence on those points.

[9] The Act creates civil liability for any person who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;" "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim;" or conspires to violate the Act. 31 U.S.C. § 3729(a)(1)(A)-(C).

defendants. *See Lewis*, 236 F.3d at 768; *Shaunfield*, 2014 WL 4814827, at *4. Because the defaulting defendants are similarly situated to the dismissed defendants, and the dismissal of Relator's claims against the dismissed defendants applies equally to the claims against the defaulting defendants, Relator's motion for default judgment against Defendant should be denied, and the claims against all of the remaining defaulting defendants should be dismissed *sua sponte*. *See, e.g., Foxx v. My Vintage Baby, Inc.*, 624 F. App'x 318, 319 (5th Cir. 2015) (citing *Lewis*, 236 F.3d at 768) ("Because Wiswall established that Foxx failed to state a cause of action, that defense inures to the benefit of the corporate defendants where Foxx offers only bare assertions to the contrary. Foxx was not entitled to a default judgment as a matter of right, even if the corporate defendants were technically in default.") (citation omitted).[10]

### III. RECOMMENDATION

Relator's motion for default judgment should be **DENIED**, and all claims against all the defaulting defendants, i.e., Uplift Fort Worth CDC, Jennifer Young, Remond Elder, Reginald Calhoun, T. Christopher Lewis, and RonKesha Evett Mays, should be dismissed with prejudice *sua sponte*.

**SO RECOMMENDED**, this 19th day of May, 2020.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[10] A district court may *sua sponte* dismiss a claim for failure to state a claim, as long as the plaintiff has notice of the court's intention and an opportunity to be heard. *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006); *see also Shaunfield v. Experian Information Solutions, Inc.*, 991 F. Supp.2d 786, 808 (N.D. Tex. 2014). The fourteen-day time frame for objecting to a recommended dismissal provides the requisite notice and opportunity. *See Ratcliff v. Coker*, No. 9:08-CV-127, 2008 WL 4500321, at *3 n. 1 (E.D. Tex. Sept. 26, 2008).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE